GILMER & Another *v.* HIGLEY.

IN ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Argued December 10th, 1883.—Decided January 7th, 1884.

*Common Carrier—Error—Evidence.*

1. In a suit by a passenger on a stage coach against the proprietors as common carriers, to recover damages for personal injuries sustained by the upsetting of the coach, the plaintiff as witness stated that he was received by the driver as a passenger from Boulder to Helena without charge, and that one of the defendants had said since the accident that the driver had orders to carry him without fare to Helena. On cross-examination he was asked whether his fare was not demanded before the accident at Jefferson—a station between Boulder and Helena—whether he had not refused to pay it, or to leave the coach when required to do so. These cross-questions were objected to, and the objections sustained below. *Held,* That they related to the same transaction inquired of in chief, and should have been allowed.

2. When the record does not contain all the evidence in a case, the appellate court is not warranted in assuming that the refusal by the court at *nisi prius* to permit a question to be put to a witness worked no injury to the party questioning. The farthest that any court has gone has been to hold that when it can be seen affirmatively that the refusal worked no injury to party appealing, it will be disregarded.

Action in the nature of an action on the case to recover damages for injuries done to the plaintiff by the defendants as common carriers, through the upsetting of a stage coach in the Territory of Montana. Plea that the plaintiff was not a passenger, but was unlawfully on board the coach, and refused to pay his fare when demanded.

*Mr. J. Hubley Ashton* and *Mr. Nathaniel Wilson* for plaintiffs in error.

*Mr. R. T. Merrick* and *Mr. M. F. Morris* for defendants in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This was an action in the Territorial Court of Montana, in which a judgment was rendered in favor of defendant in error against the plaintiffs in error for an injury received by the

upsetting of a stage coach used by the latter as common carriers of passengers.

The plaintiff below founds his action on this contract of carriage, and the negligent manner in which it was performed. He "alleges that on the day and year last aforesaid, at the said Boulder City, the said defendants received the said plaintiff as a passenger upon their coach, to be carried thence to said town of Helena.".

The answer of defendants to this part of the declaration or petition is that "they deny that the said Higley was received as a passenger on their coach as in said complaint alleged, but say that from the city of Jefferson to the said town of Helena the said plaintiff was wrongfully and unlawfully thereon, and contrary to the request and demand of these defendants by their agent, who then and there having been refused, upon his request therefor, the fare of said Higley on said coach, did not consent or agree to his becoming a passenger of defendants thereon, but forbade him so to continue thereon, and did not consent thereto."

It will thus be seen that the issue was fairly raised whether the plaintiff was a trespasser in forcing himself into or on the stage of the defendants without paying his fare, or whether he was there under a contract of passenger carriage, either express or implied.

The following bill of exceptions was taken on the trial, and the ruling of the court thereon is assigned for error:

"Be it remembered that on the trial of this cause plaintiff, being a witness upon the stand, upon his examination in chief, testified that he had taken passage as a passenger from Boulder City to Helena, that the driver received him as such, and that after the accident had happened, and while he was sick in the hospital, that the defendant O. J. Salisbury said that he had ordered his drivers to receive him without paying fare until he got to Helena, and that he had frequently travelled over the road before without paying his fare until he arrived in Helena, was asked on cross-examination:

"What was said to you at Jefferson City, the first station on the road, by the agent in reference to your fare?

"Did he not demand it of you?

"Did you not refuse to pay it?

"Did he not demand you to get out or pay your fare?

"Did you not refuse to do either?

"Did you not tell him that he could not put you out?"

"To each question as propounded at the time plaintiff objected, and the court then and there sustained said objection to each of said questions when so separately propounded, and did not permit said witness to answer. To which rulings of the court defendants then and there duly excepted, and this his bill of exceptions is signed and sealed, and made a part of the record herein, this 16th day of December, A. D. 1878."

The pertinency of these questions to the issue we have just stated is so plain as to need no argument or illustration.

Jefferson City lies between Boulder City and Helena. The accident by which plaintiff was injured occurred between Jefferson City and Helena. If, getting in the stage at Boulder, plaintiff had not paid his fare, it was proper that the agent of the stage company at Jefferson should collect it. Certainly it was his duty to require the fare to be paid from Jefferson to Helena. Whether he had a right to ride free of charge was a question to be left to the jury, and unless he proved it to their satisfaction he was a trespasser if he refused to pay the fare to the agent. We are to presume that he would have answered the questions propounded to him, if required to answer them, so as to prove that he was told at Boulder that he must pay at Jefferson; that at Jefferson payment was demanded of him; that he refused to pay; that he was then requested to get out of the stage; that he refused either to pay his fare or get out of the stage, and that he told the agent he could not put him out.

It is idle to say, if these answers had been given, that he had a contract for passage, unless he proved it affirmatively in some other way.

But it is said that the questions were not legitimate cross-examination.

We are of a different opinion. Plaintiff, offering himself as a witness to show that he was rightfully in the coach as a regular

passenger under the usual conditions, told his story of how he got in at Boulder, that he was taken as a passenger by the driver, who received him as such, and that one of the defendants said he had ordered his drivers to receive him without fare.

It seems very clear that to require him to state whether his fare was demanded of him by the regular agent of this company, and on his refusal to pay he was ordered to leave the coach and refused, was an examination in regard to the very thing about which he testified in chief. To permit a party to the suit to tell his own tale of a transaction like this, and to conceal what is important to the defendant in regard to the same occurrence and at the same time, would be a gross perversion of justice, and would bring into discredit the policy of permitting parties to actions to testify in their own behalf.

But it was said by the Supreme Court of Montana, on appeal, that since the record did not contain all the testimony, the court could not see that defendants were injured by the refusal to have the questions answered.

We have not before heard of such a rule in a revisory court. The farthest any court has gone has been to hold, that when such court can see affirmatively that the error worked no injury to the party appealing, it will be disregarded. This court, in *Deery* v. *Cray*, 5 Wall. 807, used this language:

"Wherever the application of this rule is sought, it must appear so clear as to be beyond doubt that the error did not and could not have prejudiced the party's rights."

There was here manifest error, as we look at the issue and the questions asked. So far from being able to see that it worked no injury to defendants, it seems probable that if the questions had been answered as we have supposed, if not conclusive of the issue made by defendants, they would have very strongly supported their answer.

*The judgment of the Supreme Court of Montana is reversed, with directions to order a new trial.*