ROSENSTEIN v. UNITED STATES. (Circuit Court of Appeals, Seventh Circuit. January 2, 1912.) No. 1,783. In Error to the District Court of the United States for the Northern District of Illinois. George L. Schwein, for plaintiff in error. James H. Wilkerson, Harry A. Parkin, and Edwin W. Sims, U. S. Atty., for the United States. Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

PER CURIAM. We find in the record no error of such substance as to require or justify an order for a new trial. Counsel for plaintiff in error, however, have called our attention to the matter of a proposed showing that the punishment should be less in view of extenuating circumstances which plaintiff in error excusably failed to bring before the District Court. As we have no jurisdiction to adjust the sentence, and as it seems proper that the matter should be inquired into, the judgment is vacated and the cause remanded for a resentence.

SEABOARD AIR LINE RY. CO. v. MOORE. (Circuit Court of Appeals, Fifth Circuit. February 27, 1912.) No. 2,221. In Error to the Circuit Court of the United States for the Southern District of Florida. Peter O. Knight and J. F. Glen, for plaintiff in error. Hilton S. Hampton, A. H. King, and Geo. C. Bedell, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The constitutionality and applicability of the act of Congress relating to the liability of common carriers by railroad to their employés, approved April 22, 1908 (35 Stat. pt. 1, p. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), have been passed upon in a recent decision of the Supreme Court in Mondou v. New York, N. H. & Hartford R. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. ——, handed down January 15, 1912, not yet officially reported. According to this decision, the fifth, sixth, seventh, eighth, ninth, and fifteenth assignments of error herein are clearly not sustainable. From an examination of the transcript and briefs, the assignments of error concerning other matters are not well taken. The judgment of the Circuit Court is affirmed.