## SEABOARD AIR LINE RAILWAY *v.* MOORE.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH
CIRCUIT.

No. 609. Argued December 3, 1912.—Decided April 28, 1913.

Where this court finds nothing giving rise to a clear conviction that
error has resulted from the action of the court below it should not
reverse the judgment. *Chicago Junction Ry. Co.* v. *King*, 222 U. S.
215.

The contention of plaintiff in error that the court below construed a
statute adversely to his interest in certain respects will not avail if
it appears that as a matter of fact he was accorded the benefit he
claimed under such statute in those respects, and the rights of the
other party were made dependent on other questions involved.

Where the record shows that there was evidence that the cars on which
the accident occurred and which were being transferred by a switch-
ing engine were loaded with merchandise destined for a port to be
there transshipped to destination in another State, and the court
instructs the jury that the plaintiff can only recover under the Em-
ployers' Liability Act of 1908 in case it finds that he was engaged in
interstate commerce, this court will not, in the absence of clear
conviction of error, disturb the judgment based on the verdict.

THE facts are stated in the opinion.

*Mr. P. O. Knight* and *Mr. James F. Glen* for plaintiff
in error submitted.

*Mr. George C. Bedell*, with whom *Mr. Horatio Bisbee*,
*Mr. A. H. King*, *Mr. Roswell King* and *Mr. Hilton S.
Hampton* were on the brief, for defendant in error.

Memorandum opinion, by direction of the court, by
MR. CHIEF JUSTICE WHITE.

The defendant in error sued to recover damages for
injuries sustained on October 6, 1909, while in the employ

of the railway company as a foreman of switch engines, in being thrown from an alleged defective step or footboard of a switch engine. The case was submitted to a jury upon a single count of the declaration. The jury was specially instructed that it was the duty of the plaintiff to prove the existence of the defect complained of, that it was a defect of such a character as to cause its existence to be a negligent failure of the defendant to properly equip its engine, that the defect was the proximate cause of the injury, and that the plaintiff was at the time he was injured "engaged in interstate commerce." The jury was also instructed that the burden of proof was upon the railway company to establish the truth of defenses interposed by it of contributory negligence and assumption of risk. A judgment entered for the plaintiff upon a verdict in his favor was affirmed by the Circuit Court of Appeals, in a brief opinion, and this writ of error was then prosecuted.

The matters pressed upon our attention on behalf of the plaintiff in error embrace assertions of the commission of error by the Circuit Court of Appeals in deciding that the trial court rightly refused to give instructions asked on behalf of the railway company, covering the various issues raised by the pleadings. Based upon a statement made in the opinion of the court below to the effect that the case of *Mondou* v. *New York, N. H. & Hartford R. R. Co.*, 223 U. S. 1, was decisive of the constitutionality and applicability to the case of the Employers' Liability Law and, moreover, disposed of a number of contentions urged in the assignments of error filed below, it is pressed upon our attention that the court decided and erred in deciding that the Employers' Liability Law abolished, as to all cases coming under its provisions, the defense of assumption of risk, and, also, that a railroad employé injured in the course of his employment could avail of the benefits of the statute although at the time he sustained the injury he

was not actually engaged in interstate commerce. But we think it is plain that the contentions last stated are without merit and that the only even pretext afforded for their assertion arises from a misconception of the opinion below, which we think, despite its meagre and may be inadequate examination of the case, nevertheless on its face rebuts the inferences which the contentions attempt to draw from it. It is unnecessary to recur to the text of the opinion to demonstrate the conclusion just stated, because in any event the contentions must be overruled, since the benefit of the defense of assumption of risk was accorded to the railway company at the trial and the right of the plaintiff to recover was made dependent upon his establishing that at the time he was injured he was actually engaged in interstate commerce. Indeed, in a bill of exceptions, certified by the trial Judge, it was stated that there was evidence tending to show that the freight train in question was engaged in hauling two freight cars which were loaded with lumber "destined to be shipped to the terminal of the Tampa Northern, at Hooker's Point, near Tampa, and there unloaded, and to be afterwards shipped by schooner to a point in the State of New Jersey." Coming to consider the errors alleged to have been committed in sustaining refusals of the trial court to give requested instructions, we content ourselves with saying, after an adequate examination of the record, and in the light of the various bills of exceptions therein set forth, containing the "substance and effect" of the evidence, that we think the charge as given by the trial court fully and correctly stated the applicable law. As "we find nothing giving rise to a clear conviction on our part that error has resulted from the action of the courts below," the judgment of the Circuit Court of Appeals must be affirmed. *Chicago Junction R. Co.* v. *King,* 222 U. S. 222.

*Affirmed.*