## ATCHISON, T. & S. F. RY. CO. v. PITTS.

No. 3705. Opinion Filed January 19, 1915.

(145 Pac. 1148.)

1.  **COMMERCE—Federal Employers' Liability Act—Injuries to Servant—Character of Service.** A common carrier by railroad engaged in interstate commerce is only liable to its employees for damages for negligence resulting in personal injuries suffered while both such carrier and such employee are engaged in that particular service under the Act of Con-

gress of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, section 8657), and such carrier, when engaged in both interstate and intrastate commerce, is not liable under this act for injuries suffered by one of its employees while effecting a coupling between its engine tender and its baggage car, not appearing to be then in the service of other than intrastate commerce, in making up a train, notwithstanding it was the defendant's intent to immediately thereupon incorporate in said train a number of freight cars, including three then in the service of interstate commerce.

2. SAME—Injuries to Servant—Contributory Negligence—Question for Jury. It is error for the trial court to so instruct as to permit the jury to determine, upon undisputed evidence showing that both the carrier and the employee were, at the particular time the latter was injured, engaged only in intrastate commerce, whether the federal or the state law applies, where the defendant relies in part upon the defense of contributory negligence, which only operates to diminish the amount of damage recoverable under the former, but is a complete defense under the latter, law; it not appearing which law the jury applied.

(Syllabus by Thacker, C.)

*Error from District Court, Kay County;*

*W. M. Bowles, Judge.*

Action for damages for personal injuries by W. N. Pitts against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Cottingham & Bledsoe, S..H. Harris,* and *Chas. H. Woods,* for plaintiff in error.

*E. T. Hackney* and *Hackney & Lafferty,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Plaintiff, an employee, recovered a judgment against defendant, a common carrier engaged in both interstate and intra-

state commerce, in the trial court for $5,000 for personal injuries suffered by him in and about his urinary organs in being caught and crushed between the tender of an engine on the rear-end footboard, on which he, as defendant's brakeman, was standing, and a baggage car on to which a coupling was being made, on the afternoon of February 2, 1909, in defendant's yards at Blackwell, Okla., where defendant's road crew, on which plaintiff was a member, were doing yard switching in making up a train for their usual trip thence to Ponca City, Okla. This was to be a mixed train, consisting of both cars used in freight and cars used in passenger traffic. Three of the freight cars of this train had come from or were going to places in other states; but it does not appear that the said engine, tender, or baggage car contained any person or thing en route from or to any place beyond this state, nor that either of these had come or were destined to any place beyond this state. It appears that this crew, with their train, left Tonkawa each day for Ponca City, via Blackwell, returned thence to Blackwell, where it did yard switching in the afternoon, then returned to Ponca City, and thereupon returned to Tonkawa via Blackwell; and the engine, tender, and baggage car were used on these runs wholly within the state.

The verdict and judgment were predicated upon the alleged negligence of the defendant: (1) In having on the said rear end of said tender a rod end which protruded about five and one-half inches therefrom, and about three inches beyond the taps on such rod, and while plaintiff was making a timely effort to alight from said footboard to a place of safety, which rod caught into a pocket of his trousers and held him thereon between said tender and said baggage car; and (2) in having a coupling equipment which permitted said cars in coupling to come within about five and three-quarter inches of each other where he was so caught and crushed, instead of holding them apart something like eleven inches, as a proper drawhead would have done. The defendant relied in part upon the defense of contributory negligence.

The trial court so instructed the jury as to leave to. it the determination of the question as to whether this action was or should be predicated upon the federal Employers' Liability Act of April 22, 1908, c. 149, 35 St. at L. 65 (U. S. Comp. Stat. Sup. 1911, p. 1322), or upon the local laws governing such cases arising in this state as do not fall within the purview of the federal law, although there was no conflict in the evidence in this regard, and so as to permit the jury to return a verdict against the defendant in either event if they found the other facts essential to establish its liability.

If the jury thought the federal law applicable, it was authorized by the instructions in accord with such law to return a verdict against the defendant, if found guilty of negligence proximately causing plaintiff's injuries, notwithstanding it might find plaintiff was guilty of contributory negligence. Under the federal law contributory negligence merely operates to reduce a full measure of damages in the same proportion to the whole amount of damages sustained as such negligence bears to the whole of the combined negligence of both the plaintiff and the defendant which proximately caused the injury, i. e., the full amount of damages suffered must be reduced by one-half if the negligence of each party is equal. If the jury thought the state law applicable, the instructions authorized the jury, in accord with such law, to return a verdict against the defendant only in the event it found plaintiff's injuries were caused alone by the negligence of the defendant, and that the plaintiff was free from any negligence which contributed thereto. Neither the verdict of the jury nor anything else in the record discloses whether the jury applied the federal or the state law in arriving at their verdict.

We express no opinion as to whether in any case (e. g., where there is a conflict in the evidence as to whether at the time of the injury both the defendant common carrier and the plaintiff employee were engaged in interstate commerce) the plaintiff can decline to elect upon which law he will rely, and the court may thereupon so instruct the jury as to permit it to give a verdict for

him under either law they may find applicable, although this seems doubtful; but it seems perfectly clear that this cannot be done where the undisputed evidence shows the state law to be applicable, as in the present case.

In *Illinois Central Railroad Co. v. Behrens, Administrator, etc.,* 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, it is held, under a state of facts very similar to those in the present case:

"A fireman employed by an interstate railway carrier on a switching engine, who was killed while aiding in the work of moving several cars all loaded with intrastate freight, between two points in the same city, was not employed in interstate commerce within the meaning of the federal Employers' Liability Act of April 22, 1908, * * * although upon completion of that task the switching crew was to have gathered up and taken to other points several other cars as a step or link in both interstate and intrastate transportation."

And in the opinion it is said:

"Giving to the words 'suffering injury while he is employed by such carrier in such commerce' their natural meaning, as we think must be done, it is clear that Congress intended to confine its action to injuries occurring when the particular service in which the employee is engaged is a part of interstate commerce. The act was so construed. * * * It was there said [*Pedersen v. Delaware, Lackawanna & Western Railroad Co.,* 229 U. S. 150, 33 Sup. Ct. 649, 57 L. Ed. 1125]: 'There can be no doubt that a right of recovery thereunder arises only where the injury is suffered while the employee is engaged in interstate commerce and while the employee is employed by the carrier in such commerce.' Again [229 U. S. 152, 33 Sup. Ct. 650, 57 L. Ed. 1125]: 'The true test always is: Is the work in question a part of the interstate commerce in which the carrier is engaged?' And a like view is shown in other cases."

The only and undisputed evidence in the present case tends to show that at the time of the plaintiff's injuries the "particular service" in which both parties to this action were engaged was intrastate, and not interstate, commerce, while the burden was upon plaintiff to show that defendant was liable under the federal act if he desired to claim liability thereunder; and it follows

that this case does not fall within the purview of the act of Congress of April 22, 1908.

This being so, the plaintiff was not entitled to recover any amount if he was guilty of any negligence which proximately contributed to cause his injuries; and it was error for the trial court to take from the defendant the defense of contributory negligence upon the condition that the jury, as they were authorized to do and may have done, determined that the federal law was applicable.

For the reasons stated, this case should be reversed and remanded for another trial in accord herewith.

By the Court: It is so ordered.