**KEELEN v. UNITED STATES.**

No. 6556.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1933.

Claude L. Johnson, for appellant.

Edmond E. Talbot, U. S. Atty., John W. Harrell, Asst. U. S. Atty., and F. O. Chavez, Ins. Atty., Veterans' Administration, all of New Orleans, La., and H. M. Seydel, Sp. Asst. to Sp. Counsel on Ins. Claims, Veterans' Administration, of Washington, D. C., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

 Plaintiff, suing on a war risk insurance policy, suffered an adverse verdict. He appeals claiming that his motion for a directed verdict should have been granted. He recognizes that it is ordinarily for the jury to say whether one suing on a war risk insurance policy became within the life of the policy, totally and permanently disabled, and that where the verdict accords with any reasonable view of the evidence, it must be upheld. United States v. Irwin (C. C. A.) 61 F.(2d) 488; United States v. Martin (C. C. A.) 54 F. (2d) 554; United States v. Crume (C. C. A.) 54 F.(2d) 556. He insists, however, that the evidence was such that a verdict in his favor was legally demanded.

 This suit was brought on August 31, 1929, more than ten years after plaintiff's discharge from the service. During these ten years plaintiff neither paid premiums on his policy nor asserted claim under it. Under these circumstances plaintiff was under a heavy burden to "show, by evidence contemporaneous with the life of the policy, the then totality and permanence of his disability as a fact existing and accepted, or * * * conditions then existing which, read in their own light and in the light of subsequent events, make it reasonably probable that, though then unclaimed and unrecognized, total and permanent disability did then in fact exist." Wise v. U. S. (C. C. A.) 63 F.(2d) 307, 308. To make out a case for the jury, plaintiff's burden would have been difficult enough. We think it entirely clear that it cannot be said that he has discharged that burden as matter of law. Plaintiff in this case finds himself situated as Jones was, unable to sustain the obligation which the adverse verdict of the jury imposed upon him, to show "not that the evidence taken in the most favorable light would support a finding for him, but that it compels such a finding." Jones v. U. S. (C. C. A.) 55 F.(2d) 574.

It will serve no purpose to set out the evidence upon which plaintiff relies. We have carefully examined it. We find that while it tends to support a finding in his favor, it certainly does not compel such finding. At best, it presents an issue of fact on which the verdict went against him.

The judgment is affirmed.