## OKLAHOMA RAILWAY CO. v. DALTON.

No. 23559.   Oct. 30, 1934.

Modified, and Rehearing Denied Oct. 15, 1935.

W. A. Dalton was and is a resident and citizen of Oklahoma City, Okla., and the Oklahoma Railway Company is a corporation, duly organized and existing under and by virtue of the laws of the state of Oklahoma, with its principal place of business in Oklahoma City, and conducting a street and interurban railway for the handling of passengers and freight, both urban and interurban, intra- and interstate.

The plaintiff below was, on September 4, 1930, an employee of the defendant company as a switchman or conductor, and he, on that date, together with the motorman or engineer, R. A. Murphy, also an employee of the defendant railway company, was engaged in switching cars with a switch engine of the defendant company in the yards in Packingtown; the said plaintiff was riding on the rear end of a string of box cars which were being pushed by the switch engine aforesaid and giving the signals to advance, retard the speed of or stop the cars upon and along the said switch track upon which the said switch engine was moving the said cars loaded with cattle, which were being handled at the time and place by the defendant, the Oklahoma Railway Company, through its agents, servants and employees. The cattle cars, on one of which the plaintiff was standing, being propelled by the said switch engine aforesaid, were pushed by the said switch engine into another string of empty cars standing on the same track, allegedly in disregard of the plaintiff's signals, and with such speed and in such a manner as to throw the plaintiff several feet above and off the said car on which he was riding at the time and when the rebound of the said cars came, as a result of the impact, he went off the end of the said cars and down between the said standing cars, injuring him in the following particulars: Bones in his ankles were broken and permanently injured and he received profound nervous and mental shock. He was compelled to be confined to his bed, hospital and home and to undergo medical and surgical treatment continuously from that date for several months and he suffered severe and excruciating pain as a result therefrom and he was left permanently disfigured and crippled.

He was a man 34 years of age and previous to the time of his injury was healthy, robust and strong, with an earning capacity of $180 per month, and free from bodily infirmities. The plaintiff was compelled to spend large sums of money in treatment of his injuries for doctor and hospital bills,

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

O. A. Cargill and Gomer Smith, for defendant in error.

PER CURIAM. This case was instituted in the district court of Oklahoma county, February 25, 1931, by W. A. Dalton, plaintiff, against the Oklahoma Railway Company, defendant. In this court the Oklahoma Railway Company is the plaintiff in error, but will be referred to herein as the defendant, and W. A. Dalton is the defendant in error, and will be referred to herein as the plaintiff.

and alleges that he believes that they amounted to the sum of $2,500.

Plaintiff alleged that the defendant is an interstate carrier of freight, and at the time of the injury to the plaintiff that the defendant was engaged in interstate commerce, and that the injuries to the plaintiff aforesaid occurred in the course of plaintiff's employment with the defendant railway company, and he prayed damages at the hand of the jury for the sum of $52,500 and costs of suit.

The defendant, Oklahoma Railway Company, filed its answer on April 21, 1931, and alleged general denial, a plea of assumption of risk and a plea of contributory negligence and a denial that the defendant, the Oklahoma Railway Company, was, at the time of the alleged injury, engaged in interstate transportation or in any work so closely related to it as to be practically a part of it.

Section 1 of chapter 149 of the Act of Congress of April 22, 1908, 35 Stat. 65; section 51, chapter 2, 45 USCA., which is commonly known as the Federal Employers' Liability Act, provides as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injuries while he is employed by such carrier in such commerce. * * *"

The question, therefore, in this case, is whether or not the defendant, the Oklahoma Railway Company, at the time of the alleged injury, was engaged in interstate commerce within the meaning of the Federal Employers' Liability Act, as construed by the Supreme Court of the United States, and a determination of this question requires a brief consideration of the facts.

The plaintiff, W. A. Dalton, when on the stand, testified, over the objection of the defendant, that one of the cars originated in Fort Worth, Tex., and another in Kansas City, Mo., on account of the fact that these two cars were so labeled, and on cross-examination he was asked this question: "How do you know these two cars were from Fort Worth and Kansas City?" and the plaintiff answered, "From the placards tacked on the cars," to which line of testimony the plaintiff's attorneys objected, and the objection was sustained by the court, who remarked: "The record is the best evidence."

Later in the proceedings, therefore, E. A. Deming was produced as a witness by the defendant, and testified that he was employed in the capacity of bookkeeper and cashier for the Oklahoma Stock Yards Company, that records pertaining to the movement of cars in and out of the stockyards were kept in his office, and that he had with him the records showing the movement of the cars into the stockyards on September 4, 1930, the date of the accident to the plaintiff, and then testified that the records in his office and in his possession at the time showed that all the cars on one of which the plaintiff was riding at the time of the alleged injury originated within the state of Oklahoma and none had its origin either in Fort Worth, Tex., or Kansas City, Mo. This testimony was corroborated by several other witnesses, and in the absence of any testimony on behalf of the plaintiff, except the plaintiff's own testimony in regard to the placards, this testimony is considered by this court conclusive on that subject.

The testimony of the plaintiff that he saw placards on two of the cars is not at all convincing that the shipments originated without the state of Oklahoma, and this testimony was admitted over the objection of the defendant that the records were the best evidence in the lower court. This was error.

The record evidence, as above quoted, conclusively establishes the fact that the defendant, Oklahoma Railway Company, at the time of the alleged injury, was not engaged in interstate commerce, or in work so closely related to it as to become practically a part of it, but was engaged merely in transporting cars in Packingtown from one point to another, and of those having their origin solely within the state of Oklahoma.

We therefore, conclude that the defendant, Oklahoma Railway Company, at the time of the alleged injury, was not engaged in commerce between any of the several states, and would, therefore, not be liable for the alleged injury under the Federal Employers' Liability Act, approved by Act of Congress of April 22, 1908. Atchison, T. & S. F. R. Co. v. Pitts, 44 Okla. 604, 145 P. 1148; Illinois Central Railroad Co. v. Behrens, 233 U. S. 473; Pederson v. Delaware, Lackawanna & Western Railroad Co., 229 U. S. 146; Mondou v. New York, New Haven & Hartford Railroad Co., 223 U. S. 1, 57, 58, 32 S. Ct. 169, 56 L. Ed. 327, 349, 350, 38 L. R. A. (N. S.) 44; Seaboard Air Lines Railway v. Moore, 228 U. S. 433; St. Louis, San Francisco & Texas Railway Co. v. Seale, 229 U. S. 156, 158; North Carolina Railroad Co. v. Zachary, 232 U. S. 248, 256.

The judgment of the lower court is, therefore, reversed, and the cause remanded,

with directions to enter judgment in favor of the defendant, Oklahoma Railway Company, dismissing the alleged cause of action of the plaintiff below, W. A. Dalton, at the cost of the said plaintiff.

The Supreme Court acknowledges the aid of Attorneys Robert Stuart, Clarence Lohman, and F. W. Files in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Stuart, and approved by Mr. Lohman and Mr. Files, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.

## On Rehearing.

McNEILL, C. J. This action involves a suit for damages for personal injuries. It was tried upon the theory that plaintiff could not recover unless he came under the Federal Employers' Liability Act.

Plaintiff alleged, in substance, that the Oklahoma Railway Company was an interstate carrier of freight and was engaged in interstate commerce; that plaintiff was employed as a conductor of a switching crew for said company, and while in the regular course of his employment received his injuries during a train movement by reason of the negligence of his fellow servants, or the motorman operating the engine for said company.

The defendant company challenged the right of recovery by filing an answer consisting of a general denial, pleas of contributory negligence and assumption of risk, and a prayer for relief by invoking the comparative negligence doctrine applicable to the provisions of the Federal Employers' Liability Act. The answer, in part, was as follows:

"Further answering and without admitting any liability for negligence on its part, but expressly relying upon the allegations hereinabove made, defendant states that, if said plaintiff was injured substantially as alleged in said petition, nevertheless, **said defendant is not liable to him for the full and entire damage sustained by him for the reason that said plaintiff himself was guilty of contributory negligence which proximately contributed thereto.**

"Wherefore, defendant prays that plaintiff take nothing by his action and that it have judgment for all costs or, **in the alternative, that should it be found to have been guilty of some negligence that concurred in produc-**ing the injuries sustained by said plaintiff, if any, said plaintiff's recovery herein be limited or diminished by virtue of his own contributory negligence according to the applicable provisions of the Federal Employers' Liability Act." (Emphasis ours.)

Plaintiff contends, on rehearing, that his petition stated two causes of action. One at common law and one under the referred to act. With this contention we cannot agree. There is but one cause of action stated, and that action comes under the Federal Employers' Liability Act.

Plaintiff also contends that under the pleadings he was not required to introduce evidence to show that the cause of action came under the Federal Employers' Liability Act. We hold to the contrary view. See Day v. Chicago & N. W. Ry. Co. (Ill.) 188 N. E. 540. Plaintiff offered evidence on this controlling question, to wit, as to whether the company was engaged in interstate commerce at the time of the accident in question. In view of the uncontroverted records of the company as to the movement of the cars, the evidence was insufficient to bring the case within the Employers' Liability Act, and the trial court should have given the peremptory instruction requested by the defendant company. It was error to refuse this instruction.

It was not necessary to confine the petition to an action under the Federal Employers' Liability Act. Plaintiff could have alleged liability under both the state and federal law and sought to recover under whichever appeared under the evidence to be applicable. This was not done. See Wabash Ry. Co. v. Hayes, 234 U. S. 86, 58 L. Ed. 1226; Pelton v. Ill. Cent. Ry. Co. (Iowa) 150 N. W. 236; Cato v. Atlanta & C. A. L. Ry. Co. (S. C.) 162 S. E. 239.

At no stage of the proceedings did plaintiff seek to plead an action under the common law, or present the action in an alternative way in separate counts. There is no incorporation in plaintiff's petition of a count charging a common-law liability. The record clearly shows that plaintiff pleaded and relied for recovery under the Federal Employers' Liability Act, and at no time during the trial was it ever remotely suggested that liability had been pleaded under the common law, nor was the trial court ever presented with the theory that the pleadings should be amended or should be regarded as amended to conform to the proof. It is settled law that parties to an action are bound by the definite theory under which their case or defense is presented to the trial court on ap-

peal. Hunt v. Van Siclen, 136 Okla. 69, 276 P. 182.

We have carefully reviewed the records and briefs, and conclude that the opinion heretofore rendered should be modified to reverse and remand said cause and to permit such further proceedings in said cause not inconsistent herewith, and rehearing should be, and the same is hereby, denied.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., disqualified and not participating.