**SCHOPP v. MULLER DAIRIES, Inc.**

No. L–7678.

District Court, E. D. New York.

Oct. 20, 1938.

Peter F. Pinto, of Brooklyn, N. Y. (Joseph F. Ruggieri, of Brooklyn, N. Y., of counsel), for plaintiff.

James E. Turner, of Brooklyn, N. Y. (Arthur N. Blair, of Brooklyn, N. Y., of counsel), for defendant.

MOSCOWITZ, District Judge.

The plaintiff has brought this action to recover for injuries sustained by him by reason of the alleged negligence of the defendant arising out of a collision between plaintiff's automobile and defendant's automobile truck.

The action is based upon diversity of citizenship. The accident upon which this action was brought occurred in the State of New York, therefore the New York law applies to this case.

The question has arisen upon the trial of this action whether the burden is upon the plaintiff to prove freedom from contributory negligence, or whether the burden is upon the defendant to prove that the plaintiff was guilty of contributory negligence. It has been the rule in the Federal Court that the burden of proving plaintiff's contributory negligence rested with the defendant. This rule must now be changed. The Supreme Court of the United States in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, decided that there is no federal common law and that the substantive law which is to be applied by the Federal Courts in a case of this character is the law of the State, disapproving Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865.

Under the New York law the burden of proving freedom from contributory negligence in a case of this character is upon the plaintiff.

The Supreme Court of the United States in the case of Central Vermont Railway Company v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252, decided [page 867]:

"The defendant, however, insisted that White knew his train was behind time and running at a low rate of speed. The company contended that, in view of these circumstances, it was his duty, under the rules, to put out lighted fuses and torpedoes in order to give warning of the presence of train No. 401 on the track. On that theory the company asked the court to charge that the burden was on the administratrix to show that White was not guilty of contributory negligence. In considering that exception the supreme court of Vermont held that the defendant's contention was based on a correct statement

of the state rule, but said: 'This case, however, is brought upon an act of Congress * * * (which) supersedes the laws of the state in so far as the latter cover the same field. * * * Consequently the question of the burden of proof respecting contributory negligence on the part of the injured employee is to be determined according to the provisions of that act,' [45 U.S.C.A. § 51 et seq.] citing Seaboard Air Line R. Co. v. Moore, 193 F. 1022, 113 C.C.A. 668, Id., 228 U.S. [433], 434, 33 S.Ct. 580, 57 L.Ed. 907.

"In this court the argument was devoted principally to a discussion of this ruling—counsel for the railroad company earnestly insisting that 'the lex fori must determine all questions of evidence, including that of the burden of proof. Whart.Confl.L. 3 Ed. § 478b.' It was argued that there is nothing in the Federal statute indicating an intent to change the state rule as to the burden of proof, and it is claimed that because of the court's mistaken construction of the Federal act the railway company has been deprived of a right to which it was entitled under the laws of Vermont.

"There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations —depend upon the law of the place where the suit is brought (McNiel v. Holbrook, 12 Pet. [84], 89, 9 L.Ed. [1009], 1011). But matters of substance and procedure must not be confounded because they happen to have the same name. For example, the time within which a suit is to be brought is treated as pertaining to the remedy. But this is not so if, by the statute giving the cause of action, the lapse of time not only bars the remedy, but destroys the liability. A. J. Phillips Co. v. Grand Trunk Western R. Co., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. [774]; Boyd v. Clark, [C.C.], 8 F. 849; Hallowell v. Harwich, 14 Mass. [186], 188; Cooper v. Lyons, 9 Lea, [Tenn., 596], 597 (2); Newcomb v. The Clermont No. 2, 3 G. Greene, [Iowa], 295. In that class of cases the law of the jurisdiction, creating the cause of action and fixing the time within which it must be asserted, would control even where the suit was brought in the courts of a state which gave a longer period within which to sue. So, too, as to the burden of proof. As long as the

question involves a mere matter of procedure as to the time when and the order in which evidence should be submitted the state court can, in those and similar instances, follow their own practice even in the trial of suits arising under the Federal law.

"But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure. For, in Vermont, and in a few other states, proof of plaintiff's freedom from fault is a part of the very substance of his case. He must not only satisfy the jury (1) that he was injured by the negligence of the defendant, but he must go further, and, as a condition of his right to recover, must also show (2) that he was not guilty of contributory negligence. In those states the plaintiff is as much under the necessity of proving one of these facts as the other; and as to neither can it be said that the burden is imposed by a rule of procedure, since it arises out of the general obligation imposed upon every plaintiff, to establish all of the facts necessary to make out his cause of action. But the United States courts have uniformly held that, as a matter of general law, the burden of proving contributory negligence is on the defendant. The Federal courts have enforced that principle even in trials in states which hold that the burden is on the plaintiff. Washington & G. R. Co. v. Gladmon, 15 Wall. 401 (1), 407, 408, 21 L.Ed. 114-116; Hough v. Texas & P. R. Co., 100 U.S. [213], 225, 25 L.Ed. [612], 617; Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551 (4), 557, 11 S.Ct. 653, 35 L.Ed. 270, 272; Washington & G. R. Co. v. Harmon (Washington & G. R. Co. v. Tobriner) 147 U.S. [571], 581, 13 S.Ct. 557, 37 L.Ed. [284], 288; Hemingway v. Illinois C. R. Co., 114 F. 843, 52 C.C.A. 477. Congress, in passing the Federal employers' liability act, evidently intended that the Federal statute should be construed in the light of these and other decisions of the Federal courts. Such construction of the statute was, in effect, approved in Seaboard Air Line R. Co. v. Moore, 228 U.S. [433], 434, 33 S.Ct. 580, 57 L.Ed. 907. There was, therefore, no error in failing to enforce what the defendant calls the Vermont rule of procedure as to the burden of proof."

▮ In view of the decisions in Erie Railroad Company v. Tompkins, supra,

and Central Vermont Railway Company v. White, supra, the conclusion is inescapable that the burden of proof as to contributory negligence is not merely a matter of procedure, but is a matter of substance. Therefore, the burden of proving freedom from contributory negligence in a case of this character is upon the plaintiff. The burden is not upon the defendant to prove contributory negligence on the part of the plaintiff.