### UNITED STATES v. BARTON.
#### No. 9315.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1941.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for appellant.

Wm. Joe Sears, Jr., of Jackonsville, Fla., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

Henry Barton was issued a policy of war risk insurance during his military service in 1918. In 1925, he converted it into a twenty-year endowment policy of Government life insurance in the amount of $5,000. This contract was kept in force until January 1, 1936, when Barton claimed to have become totally and permanently disabled. This appeal presents questions involving the propriety of certain proceedings on the trial and the correctness of the court's denial of the Government's motion for a directed verdict.

If, when all the evidence was construed most favorably to Barton, there was any substantial evidence upon which the jury might properly have found for him, the motion for a directed verdict was properly denied.[1] Viewing the evidence in accordance with this rule, the proof clearly made out a case for jury determination. During several years preceding 1933, Barton, pursued various occupations, principally clerical. In the summer of 1933, he quit his work in a general store, because the onset of various ailments considerably impaired his health. Since that time, Barton has followed no occupation other than speculating or investing in the stock market.

On January 1, 1936, when the disability was claimed to exist, the appellee was suffering from chronic bronchitis, bronchial asthma, allergic rhinitis, under nutrition, functional neurosis, chronic spastic colitis, hemorrhoids, secondary anemia, myopia, and decayed teeth. Shortly thereafter, he was discovered to have paralysis agitans, with which he was afflicted on January 1, 1936, and which was recognized to be an incurable disease. Two qualified physicians testified that Barton's condition was such that any attempt by him regularly to follow any gainful occupation would result in injury to his health, and that his condition, which had steadily grown worse for five years, would continue so to do. Lay witnesses closely acquainted with Barton testified that these illnesses noticeably reacted adversely upon his health. Taking the evidence at its best for the plaintiff, certainly the jury could properly find that Barton was totally and permanently disabled on the date claimed.[2]

Procedural errors occurring in the trial of a suit are not sufficient to require a reversal unless the appellate court is of the opinion that such errors affected the substantial rights of the parties.[3] We are not satisfied that any of the errors complained of seriously prejudiced the appellant or induced a clearly erroneous verdict. The procedural improprieties complained of were not serious in their most violent form, and each of them was mitigated into harmlessness by corrective action taken before the submission of the cause.

Affirmed.

[1] Gunning v. Cooley, 281 U.S. 90, 50 S. Ct. 231, 74 L.Ed. 720; United States v. Fancher, 5 Cir., 84 F.2d 306; Thomas v. United States, 5 Cir., 92 F.2d 929; Southern Steamship Co. v. Meyners, 5 Cir., 110 F.2d 376; Commercial Casualty Co. v. Stinson, 6 Cir., 111 F.2d 63, 64; Farris et al. v. Interstate Circuit, Inc., 5 Cir., Jan. 3, 1941, 116 F.2d 409.

[2] Thomas v. United States, supra; United States v. Martin, 5 Cir., 54 F.2d 554; Keelen v. United States, 5 Cir., 65 F.2d 513.

[3] 28 U.S.C.A. § 391; Gilmer v. Higley, 110 U.S. 47, 3 S.Ct. 471, 28 L.Ed. 62; Seaboard Airline Ry. v. Moore, 228 U.S. 433, 33 S.Ct. 580, 57 L.Ed. 907; Morris Land & Cattle Co. v. Kilpatrick, 5 Cir., 256 F. 788.