**UNITED STATES ex rel. DE LUCIA v.
O'DONOVAN, Marshal.**

No. 9788.

United States Court of Appeals
Seventh Circuit.

Dec. 8, 1949.

Rehearing Denied Jan. 31, 1950.

Otto Kerner, Jr., United States Attorney, Chicago, Ill., John Peter Lulinski, Ass't U. S. Atty., Chicago, Ill., for appellant.

William Scott Stewart, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Respondent arrested the relator pursuant to a parole warrant issued by a member of the United States Board of Parole. On the day he was taken into custody, June 15, 1948, relator filed a petition for a writ of habeas corpus, to which, on the same day, respondent filed a formal return. Relator then filed a lengthy traverse, to which respondent demurred. The District Court overruled the demurrer and ordered respondent to answer within ten days; respondent, however, elected to stand by his demurrer, whereupon the court entered judgment discharging realtor.

Respondent asserts error in that, (1), the judgment was based upon certain statements appearing in the relator's traverse, which, because they are, as respondent argues, conclusions of law rather than allegations of fact, were not admitted by the demurrer; (2), the court having no authority to shorten the statutory time within which the return to the petition for writ of habeas corpus might be filed, wrongfully required respondent to file his return instanter; and, (3), the court was precluded from reviewing the facts upon which the parole board's jurisdiction was based until the administrative proceedings initiated by the issuance of the parole warrant had been completed.

The relator, with others, had been found guilty of conspiracy to violate the Anti-Racketeering Act, United States Code Annotated, Title 18, § 420a [now § 1951], and sentenced to a term of ten years. After he had been released on parole, in August, 1947, a congressional subcommittee conducted an investigation into the grant of paroles to relator and his fellow conspirators. Hearings began September 25, 1947, and ended June 7, 1948. On June 15, 1948, Fred S. Rogers, a member of the parole board, issued a warrant reciting that he had reliable information that relator had violated the conditions of his parole and directing that he be arrested. On the day following relator was taken into custody upon this warrant and immediately filed his petition for a writ of habeas corpus.

On June 16, 1948, the court directed that the writ issue returnable instanter. Less than three hours later, a return was filed, showing that respondent had custody of relator by virtue of the warrant, and alleging that, because the court was without jurisdiction to review the issuance of such warrant by a member of the United States Parole Board or to inquire into the custody of one who was held under it, the petition failed to disclose any ground upon which relief could be granted. To this return, the relator filed a traverse, the pertinent parts of which averred that at the hearings conducted by the subcommittee, Mr. Rogers, the member of the board who issued the warrant, had testified on June 7, 1948, barely a week before issuance of the warrant, that relator had not violated the conditions of his parole. The relator included also his own affidavit that he had not at any time violated the terms of his parole. To this traverse, respondent demurred. The court overruled the demurrer, U. S. ex rel. De Lucia v. O'Donovan, D.C., 82 F.Supp. 435, and directed respondent to answer within ten days. When respondent elected to stand on the demurrer, the realtor was discharged.

Since a judgment may not be reversed for error not of prejudicial nature, Deery v. Cray, 5 Wall. 795, 18 L.Ed. 653, Gilmer v. Higley, 110 U.S. 47, 3 S.Ct. 471, 28 L.Ed. 62; Vicksburg & Meridian Railroad Co. v. O'Brien, 119 U.S. 99, 7 S.Ct. 118, 30 L.Ed. 299; Seaboard Air Line Ry. v. Moore, 228 U.S. 433, 33 S.Ct. 580, 57 L. Ed. 907, we need not consider the contention that the District Court erred in ordering a returnable instanter, for, although respondent contends that under the applicable statute, 28 U.S.C.A. § 456 [now § 2243] he should have been given three days within which to file his return, it is clear that no prejudice has resulted from the order that the return be filed immediately.

The pertinent statute, Title 18 U.S.C.A. § 717 [now § 4205], is: "If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof *shall have reliable information that the prisoner has violated his parole,* then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner." (Emphasis supplied.) The trial court, having considered the specific averments of the traverse, found that it alleged specifically that no member of the board had any information of violation of any of the terms and conditions of De Lucia's parole when the warrant was issued and that this allegation was admitted by respondent's demurrer to the traverse.

Respondent argues that the pleadings do not support the conclusion; he contends that, because a demurrer admits only such facts as are well pleaded, he did not admit that the warrant was issued without any information relative to a parole violation by the relator, that being a conclusion of law rather than a mere allegation of fact. The relator insists that this argument constitutes a departure from the position taken by respondent in the court below, where, if the objection had been raised, relator could have met it by amending his pleading.

The record made in the District Court supports relator's statement that respondent failed to attack the sufficiency of petitioner's pleadings in the trial court. Consequently, he should not be allowed to do so for the first time in this court. Moreover, the respondent's argument, considered on its merits, seems to us to overlook the fact that this court, in resolving this issue, must go beyond a simple determination of whether, as an abstract proposition, a demurrer admits an allegation that a warrant has been issued without any information as to a parole violation; it must decide also whether, upon all the allegations of fact which were unquestionably admitted by respondent's demurrer, the trial court was justified in concluding that there was no information with respect to any such violation in the possession of the board member who issued the warrant.

Respondent's position with respect to this issue is best illustrated by the following quotation from his brief: "The petitioner's statement that he did not violate parole in the interim is his own conclusion and is not admitted by respondent's demurrer. As a matter of hard logic, the *petitioner will have to allege facts concerning every moment of every hour from June 15, 1948.* That he has not done. There is nothing before the court in the pleadings to show what activities, innocent or otherwise, the relator was engaged in during this period. *In the absence of such allegations the petitioner's conclusion that he did not violate parole cannot be admitted."* (Emphasis supplied) To adopt this viewpoint in a case where, as here, the facts have been alleged in great detail (petitioner's traverse was some 625 pages in length) would be to impose an unreasonable burden on the pleader as well as an unrealistic limitation on the lower court. We conclude that respondent's contention must be rejected on the merits, especially in view of the fact that it has been urged for the first time in this court. 4 C.J.S., Appeal and Error, § 241, page 465, citing cases.

In this connection the District Court said [82 F.Supp. 435, 439]: "De Lucia's traverse to the Marshal's return to the writ does not contend that the information upon which the parole board member issued the warrant was not reliable. The traverse alleges substantially, that the members of the parole board did not have any information in respect of a violation of the terms and conditions of De Lucia's parole when the warrant was issued. It alleges that the member of the board who issued the warrant had previously testified before the Congressional Committee that no report or evidence of a violation of parole by De Lucia had been received by the board. And it asserts that the parole warrant was issued solely because the parole board member had been pressed to such action by the legislative committee. The legal effect of the demurrer filed by the United States Attorney acting on behalf of the parole board member is to say that even if

all of the allegations in the traverse are true, nevertheless the detention of De Lucia under the parole warrant is legal and may not be inquired into by this court." We cannot reject a finding of the trial court unless it is clearly erroneous. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A.; Sunal v. Large, 4 Cir., 157 F.2d 165 affirmed 332 U.S. 174, 67 S.Ct. 1588, 91 L. Ed. 1982; Farrell v. Lanagan, 1 Cir., 166 F.2d 845; Willis v. Hunter, 10 Cir., 166 F.2d 721; United States v. Nierstheimer, 7 Cir., 166 F.2d 87. The record here is such that we cannot say as a matter of law that the findings are erroneous.

Respondent contends also that the rule requiring the exhaustion of administrative remedies, precluded the court below from discharging the relator from custody. His position is that, under the rule, the District Court was barred from making a determination of invalidity of the warrant until after completion of the parole board hearing, the culmination of the administrative proceeding provided for by statute, 18 U.S.C.A. §§ 717, 719 and 723 [now §§ 3570, 4205, 4207] and inaugurated by issuance of the warrant. Respondent insists that this holds true in all cases save one,—where the parole warrant has been issued arbitrarily. The admitted existence of this exception to the rule seems to us decisive in the case now before this court, for to us it seems clearly arbitrary and capricious to issue a parole warrant without any information relative to a parole violation by the one against whom it is directed, when, as here, the statute makes "reliable information" a necessary condition precedent to a valid warrant. It may well be that had there been, in this case, any information on the part of the board member who issued the warrant that petitioner had violated his parole, the court would have had no power to interfere and determine whether that information was or was not reliable. United States v. George S. Bush & Co., Inc., 310 U.S. 371, 60 S.Ct. 944, 84 L.Ed. 1259; Christianson v. Zerbst, 10 Cir., 89 F.2d 40; Rogoway v. Warden, 9 Cir., 122 F.2d 967; United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480. But here it was admitted by respondent's demurrer that

there was no information of any violation by relator. The court was correct in concluding that under such circumstances, issuance of the warrant was "arbitrary and capricious and not warranted by law," and the remedy of habeas corpus available to the petitioner. Clark v. Surprenant, 9 Cir., 94 F.2d 969; Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

In Varney v. Warehime, 6 Cir., 147 F.2d 238, at page 243, Certiorari denied 325 U.S. 882, 65 S.Ct. 1575, 89 L.Ed. 1997, the court said: "Appellants insist that this action was brought prematurely because appellees had not exhausted their remedies under the procedural regulations of the Director of Food Distribution. Failure to exhaust administrative remedies generally precludes resort to the courts. Highland Farms Dairy, Inc., et al. v. Agnew et al., 300 U.S. 608, 616, 57 S.Ct. 549, 81 L.Ed. 835; Natural Gas Pipeline Company v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L.Ed. 276. However, this is not an ironclad rule and it has no application where the defect urged goes to the jurisdiction of the administrative agency. Skinner & Eddy Corp. v. United States, 249 U.S. 557, 562, 39 S.Ct. 375, 63 L.Ed 772."

In the last mentioned case, the government insisted that petitioners seeking an injunction against the Interstate Commerce Commission, should have applied to the Commission for definite rates before resorting to jurisdiction in equity. The court denied the contention, Mr. Justice Brandeis speaking for the court, saying [249 U.S. 557, 39 S.Ct. 377]: "The contention is that the commission has exceeded its statutory powers; and that, hence, the order is void. In such a case the courts have jurisdiction of suits to enjoin the enforcement of an order, even if the plaintiff has not attempted to secure redress in a proceeding before the commission. Interstate Commerce Commission v. Diffenbaugh, 222 U.S. 42, 49, 32 S.Ct. 22, 56 L.Ed. 83, [88]; Louisiana & P. R. Co. v. United States, Com.Ct., 209 F. 244, 251; Atlantic Coast Line R. Co. v. Interstate Commerce Commission, Com. Ct., 194 F. 449, 451. The Sacramento Case (United States v. Merchants & Mfrs. Traffic Ass'n, 242 U.S. 178, 37 S.Ct. 24, 61

L.Ed. 233) was a case of this character. Compare Interstate Commerce Commission v. Louisville & N. R. Co., 227 U.S. 88, 92, 33 S.Ct. 185, 57 L.Ed. 431, [433]; Southern P. Co. v. Interstate Commerce Commission, 219 U.S. 433, 31 S.Ct. 288, 55 L.Ed. 283. The District Court properly assumed jurisdiction of this suit." See also Goldman v. American Dealers Service, 2 Cir., 135 F.2d 398; U. S. Alkali Ass'n v. U. S., 32 U.S. 196, 65 S.Ct. 1120, 89 L.Ed 1554.

■ From the cases cited it seems clear that where it is asserted and the proof shows that the administrative body has failed to comply with the statute and has, therefore, acted without statutory authority, the District Court has jurisdiction of the proceedings. The rule requiring exhaustion of administrative remedies does not apply when the administrative body has exceeded its statutory authority.

The case of Hiatt v. Compagna, 178 F.2d 42, recently decided by the Court of Appeals for the Fifth Circuit, involved issuance of parole warrants for the arrest of two persons who, having been tried with and convicted at the same time as the relator in this case, had also been released on parole. After they had been taken into custody, (it is significant that they were arrested after September 1, 1948, the date on which Revised Title 18, United States Code Annotated, became effective,) Compagna and Gioe filed petitions for habeas corpus. Prior to hearings on their petitions, the board conducted a proceeding to determine, whether their paroles should be revoked. Before this hearing had been concluded, however, the habeas corpus hearings were completed, and the District Court found, on the basis of the uncontradicted testimony of the two petitioners, that information upon which the warrants had issued was not reliable. It was accordingly ordered that petitioners be released unless, within 15 days, new warrants based on reliable information had been issued. No such warrants having been issued, although the board did announce its decision that the paroles should be revoked, the District Court ordered that the petitioners be discharged. On appeal, the judgment was reversed, the Court of Appeals relying on the fact that Revised Title 18 had made substantial changes in the procedure to be followed in revoking paroles.

Several distinctions can be drawn between the case before this court and the one in the Fifth Circuit. The most obvious is that the latter case was decided under a statute entirely different from that which controls here. Here the issuance of the warrant, the arrest of petitioner, and the issuance of the writ all occurred before the effective date of Revised Title 18; consequently, this court must look to the law under the former statute, 18 U.S.C.A., §§ 717, 719 and 723. Another distinction, readily apparent, is that the relators in the Fifth Circuit were notified in writing of the parole violations with which they were charged, whereas the relator in this case was never made aware of any conditions of his parole which he was charged with violating. There, the finding of the District Court was that the information on which the warrants had been issued was not reliable; here, the court found that there was no information of any kind whatever. These significant distinctions serve to resolve the otherwise apparent inconsistency in the decisions in the two cases.

The judgment is affirmed.