**UNITED STATES, ex rel. Andrew G. FREDERICK**

v.

**Frank F. KENTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. No. 9147.**

United States District Court
D. Connecticut.

Feb. 1, 1962.

TIMBERS, District Judge.

Petitioner, Andrew G. Frederick, a prisoner in the Federal Correctional Institution at Danbury, has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

The petition alleges that Frederick served 65 months and 26 days of a two-to-eight year sentence imposed March 20, 1956 by the United States District Court for the District of Columbia; that he was released on parole September 7, 1961, pursuant to 18 U.S.C. §§ 4163 and 4164; that on information presented to G. J. Reed, a member of the United States Board of Parole, that Frederick had violated the conditions of his release, Reed issued a warrant October 25, 1961 for Frederick's arrest, pursuant to 18 U.S.C. § 4205; and Frederick was arrest-

ed November 2, 1961, pursuant to 18 U.S.C. § 4206.

Petitioner claims:

(1) That he did not violate any condition of his mandatory release;

(2) That the information presented to Reed constituting the grounds for the warrant was "false, distorted and misleading";

(3) That the warrant of the United States Board of Parole issued under 18 U.S.C. § 4205 is defective and therefore void;

(4) That petitioner did not commit any crime while on parole;

(5) That information is being withheld from the United States Board of Parole;

(6) That petitioner therefore was incarcerated without due process of law.

 This Court lacks jurisdiction to determine whether petitioner violated his parole. "The determination as to whether a parole has been violated is confided to the discretion of the United States Board of Parole." Nave v. Bell, 180 F.2d 198, 199 (6 Cir. 1950) and cases therein cited.

 This Court has jurisdiction to determine whether adequate procedure was followed in the revocation of parole. Robbins v. Reed, 106 U.S.App.D.C. 51, 269 F.2d 242, 244 (D.C.Cir.1959).

There is no allegation here that the warrant was invalid because it was issued by Reed on no information. See United States ex rel. De Lucia v. O'Donovan, 178 F.2d 876, 879 (7 Cir. 1949), petition for cert. dismissed, 340 U.S. 886, 71 S.Ct. 204, 95 L.Ed. 643 (1950); Hiatt v. Compagna, 178 F.2d 42, 45–46 (5 Cir. 1949), aff'd per curiam, 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 (1950).

 The warrant issued by Reed was sufficient on its face to authorize the arrest and detention of petitioner. United States ex rel. Nicholson v. Dillard, 102 F.2d 94, 96 (4 Cir. 1939).

 There is no allegation in this petition that after his arrest petitioner was denied the right "to appear before the Board, a member thereof, or an examiner designated by the Board", as required by 18 U.S.C. § 4207. Robbins v. Reed, supra. The purpose of this right of appearance is to give the prisoner an opportunity to bring to the attention of the Parole Board the gravamen of such claims as (1), (4) and (5) set forth above.

Since no facts are set forth in support of the claim of a defective warrant, and there is no claim of denial of the right of appearance or of an insufficient hearing at the appearance required by 18 U.S.C. § 4207, the petition is dismissed.

Petitioner's motions for leave to proceed in forma pauperis, for appointment of counsel and for issuance of subpoenas are denied.

Petitioner's papers may be filed in this Court without the payment of filing fees.