HARDY, Judge.
This action was instituted upon the petition of Michael Theodos and the Stork Club, Inc., seeking a declaratory judgment. The corporate plaintiff is the owner and operator of an establishment located in Bossier City, Louisiana, known under the names of the Stork Supper Club and the Stork Theater Restaurant, and all the outstanding stock of the said corporation is owned by the plaintiff, Theodos, who is also the manager of the restaurant and the owner of the property where the business is conducted.
Plaintiff’s petition named as defendants the City of Bossier City, the Mayor, Chief of Police and City Attorney of said municipality, the District Attorney of the Twenty-Sixth Judicial District comprising the Pai-ishes of Bossier and Webster, and the Sheriff of Bossier Parish.
Plaintiffs prayed for a decree recognizing the establishment above described as constituting a restaurant business within the meaning of LSA-R.S. 51:191, 51:192; further judgment declaring Ordinance No. 581 of 1955 of the City of Bossier City to be unconstitutional and invalid, and, finally, for injunctive relief directed against the named defendants.
To plaintiff’s petition defendants first interposed exceptions of no cause and no right of action, which were referred to the merits. Answer of defendants being duly filed, the case was fixed for trial. The course of the trial was interrupted and terminated by action of the district judge, who announced his opinion that the exceptions should be sustained and plaintiff’s suit dismissed. From judgment in accordance with this pronouncement the plaintiffs were granted an appeal to the Supreme Court, which transferred the said appeal to this court, 235 La. 417, 104 So.2d 155.
After judgment, upon motion by plaintiffs, their demands for injunctive relief were dismissed, and it now appears to be conceded by all parties that the sole issue tendered by this appeal concerns the determination of defendant’s exception in the light of the allegations of plaintiff’s petition and the prayer thereof for a declaratory judgment.
Defendants’ exception is based upon the contentions (1) that a declaratory judgment would not terminate the uncertainty nor the controversy from which this proceeding has arisen; (2) that the Ordinance No. 581 of 1955 of the City of Bossier City, which is called in question by plaintiffs’ action, is a valid exercise of the police power of said municipality, and (3) *853 that plaintiffs have made no attack upon the constitutionality of the State Statute.
In support of his action in halting the trial and sustaining defendants’ exception, the trial judge made the following comment:
“At this time, the Court is of the opinion that the Exceptions of No Cause and No Right of Action is good, insofar as the petition seeks to have this Court declare the rights and status of the plaintiffs in a going concern, because it is the Court’s opinion that it is impossible for this Court to render a declaratory judgment that would have any effect because it would have to be as a matter of right, limited to a certain date; and I don’t think that that would solve the problem because it might be different tomorrow and, as a matter of fact, I think it is different now from the time when the suit was filed.
“So the exception is sustained, insofar as that part of the suit asking for a declaratory judgment is concerned.”
The above statement appears to be responsive to defendants’ contention as set forth in (1) above, and it is therefore desirable that we proceed to a consideration of this issue under the allegations of plaintiffs’ petition.
Plaintiffs alleged, inter alia, that the business in which they were engaged was that of a restaurant and that in connection with its restaurant service it sold alcoholic beverages and presented floor shows for the entertainment of its restaurant patrons; that Ordinance 581 of 1955 of the City of Bossier City prohibits the sale of liquor, by any place of public entertainment which offers floor shows, on Sundays and on all week days between the hours of 12:00 o’clock midnight and 7:00 o’clock a. m., and requires that all establishments described in Section 1 of said Ordinance shall be closed at 12:00 o’clock midnight and remain closed during the entire twenty-four hours on Sunday and until 7:00 o’clock a. m. on all other days of the week; that the several law enforcement officials of the City of Bossier City and the Parish of Bossier, and each of them, named as defendants, have declared that they will arrest and prosecute the plaintiff, Theodos, if the establishment known as the Stork Supper Club and the Stork Theater Restaurant remained open during the hours prohibited by the Ordinance, even though no alcoholic beverages were sold, disposed of or consumed on the premises thereof during said hours; and, finally, that the effect of this compulsion by the defendants has caused plaintiffs irreparable loss. On the basis of these and other related allegations of fact plaintiffs contended that they were entitled to a declaratory judgment decreeing their operations to constitute the operation of a restaurant business and, as such, exempt from the restrictions imposed by the ordinance in question.
It appears from the above quoted statement by the trial judge that defendants’ exception was sustained because a declaratory judgment which might be rendered would be limited and circumscribed in its application and effect and that changing conditions might serve to vitiate and render nugatory such a declaratory pronouncement.
We confess we are unable to follow the rationale of this statement. The fact that a court cannot anticipate and provide against a change in conditions or circumstances does not, in our opinion, justify its refusal to entertain a prayer for relief based upon conditions and circumstances proved to be actually existing at a given time. To conclude otherwise would be equivalent to asserting the right of a court to deny relief, otherwise justified by adequate proof, because of the possibility of a future change. It must be pointed out that this is a “sauce for the goose, sauce for the gander” proposition, for a change might occur not only on *854 the part of plaintiffs who seek relief but on the part of defendants against whom the relief is sought. A court is no guarantor of the exact continuance of existing conditions which serve as the basis for its judgment at a given time, but any uncertainty which may attach to the continuance of those conditions should not preclude the granting of deserved relief upon the basis of established facts.
Some argument has been devoted by counsel for the respective parties litigant to the question as to whether a jus-ticiable controversy justifying relief under the declaratory judgments statute (LSA-R.S. 13:4231 et seq.) has been presented by plaintiffs’ petition. It appears clear to us that under the facts alleged in plaintiffs’ petition the action meticulously conforms to the nature of relief specifically contemplated by LSA-R.S. 13:4232, which provides that
“any person * * * whose rights, status or other legal relations are affected by a statute, municipal ordinance, * * * may have determined any question of construction or validity arising under the * * * statute, ordinance * * * and obtain a declaration of rights, status or other legal relations thereunder.”
This conclusion is further justified by a pronouncement in the opinion of Mr. Justice McCaleb in Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825, 829, in which case he rejected the existence of a justiciable controversy on the ground that
“Plaintiffs were not being prosecuted * * * nor does it appear that there was ever a threat of criminal prosecution.”
The converse of the state of facts upon which the existence of a justiciable controversy was denied in the cited case is here presented by the allegations of plaintiffs’ petition to the effect that defendants have threatened plaintiffs with prosecution. In this connection we think it is pertinent to call attention to the following footnote to Mr. Justice McCaleb’s opinion which reads as follows:
“In any event, we are informed by defendants in their brief that plaintiffs have filed another suit in the district court in which they are requesting the same relief under Ordinance No. 581 of 1955 which was prayed for in this suit involving the repealed ordinance. Whatever rights plaintiffs may have can be fully determined in that matter.”
The suit referred to in the above quoted footnote is the one which is now before us.
If further justification for the conclusion we have above asserted were needed, we think it is abundantly provided under-Section 13:4242 in which the legislature-declared the purpose of the statute to be —“ * * * to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *”—and enjoined the liberal construction and administration of the provisions of the statute.
Certainly the allegations of plaintiffs’ petition in the instant case, which-must be accepted as true for the purpose of determining the exception, are more than adequate to establish the existence of' uncertainty and insecurity on the part of' plaintiffs in their attempts to operate what they allege to be a legitimate restaurant business and, as such, to entitle plaintiffs. to a declaration of their rights.
The second ground for defendants’' exception, to the effect that the ordinance called into question by this action is a. valid exercise of the police power of the municipality, is simply an expression of a legal conclusion and has no relevance to nor bearing upon the plaintiffs’ right to. relief.
The third and final basis for the exception lies in the contention that plaintiffs have made no attack upon the con- *855 •st'itutionality of the Statute, LSA-R.S. 51:191, 51:192, popularly known as the Sunday Closing Law. This contention appears to us to be a non sequitur, inasmuch as plaintiffs contend that they are entitled to operate their alleged restaurant enterprise under the specific exemption from operation of the Sunday Closing Law provided for restaurants in Section 192.
For the reasons assigned the judgment appealed from sustaining defendants’ exception of no right and no cause of action and dismissing plaintiffs’ suit is annulled, avoided, set aside and reversed, and
It Is Now Ordered, Adjudged And Decreed that this cause be and it is hereby remanded to the Honorable Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana, for the continuance and conclusion of a trial on the merits, and for such other proceedings as are not inconsistent with this opinion.