126 So.2d 628 (1961)
Dr. Nathan J. ROGERS
v.
LOUISIANA STATE BOARD OF OPTOMETRY EXAMINERS et al.
No. 179.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
Rehearing Denied February 21, 1961.
*629 Plauche & Stockwell, by Oliver P. Stockwell, Lake Charles, for plaintiff-appellant.
Racivitch, Johnson, Wegmann & Mouledoux, by William J. Wegmann, New Orleans, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Plaintiff, an optometrist duly licensed to practice in the State of Louisiana and in the State of Texas, instituted this suit on July 11, 1960, against the Louisiana State Board of Optometry Examiners and each individual member thereof, demanding (1) a judgment enjoining defendants from filing charges and holding hearings for the purpose of cancelling plaintiff's license to practice optometry in the State of Louisiana, where the matters complained of relate to petitioner's practice in the State of Texas, and (2) a declaratory judgment decreeing that plaintiff's actions in advertising in the State of Texas with regard to his practice within that state do not constitute a violation of LSA-R.S. 37:1041 et seq., and particularly LSA-R.S. 37:1061 and 1063, or any rules or regulations legally promulgated by the Louisiana Board of Optometry Examiners.
Defendants filed an exception to the jurisdiction of the court ratione materiae, an exception of prematurity and an exception of no cause or right of action. After a hearing, judgment was rendered by the trial court maintaining all of these exceptions and dismissing plaintiff's suit. From this judgment plaintiff has appealed.
This suit was filed after plaintiff had received the following letter, dated April 6, 1960, written to him by counsel for the defendant board, to-wit:
"Dr. N. J. Rogers "c/o Texas State Optical Company "649 Orleans "Beaumont, Texas
"Dear Dr. Rogers:
"This letter is written in our capacity as attorneys for the Louisiana State Board of Optometry Examiners.
"The Board has had filed with it a complaint charging you with conduct in violation of the Louisiana Optometry Law. The charges specifically have been brought with reference to violations of Louisiana Revised Statute 37:1061, Sub-sections 3, 6, 9, 10, 11, 13 and 14. The activity complained of also constitutes a violation of Louisiana Revised Statute 37:1063, particularly Sub-section 9 thereof.
"The complaints center primarily around advertisements which have been circulated through the medium of television and newspapers in the Lake Charles area.
"The purpose of this letter is to advise of the complaint and to give you an opportunity to amicably discuss this matter with the undersigned as attorney for the Board.
"It is the intention of the Board to proceed with a formal hearing and formal charges in the event that the undersigned is not contacted within ten days from the date of this letter.
 "Yours very truly,
 "W. J. Wegmann"
The pleadings and the arguments of counsel indicate that the defendant board has not scheduled or held a formal hearing and has taken no further action on the complaint filed against plaintiff since this letter was written.
The Legislature of Louisiana has delegated to the Louisiana State Board of Optometry Examiners the authority to administer the laws of this state relating to the practice of optometry. LSA-R.S. 37:1041 et seq. This authority includes the *630 power to suspend or revoke certificates to practice that profession in this state and to hold hearings on charges preferred against the holder of any such certificate. The law sets out specific causes for which certificates may be suspended or revoked, and provides that any person aggrieved by the decision of the board shall have the right to appeal to the courts of this state. LSA-R.S. 37:1061-1062.
Plaintiff has obtained a certificate to practice optometry in Louisiana, so insofar as his rights under that certificate are concerned he has subjected himself to the authority of defendant board. The board, of course, is vested with exclusive power to suspend or revoke that certificate for any of the causes set out in LSA-R.S. 37:1061.
According to the above quoted letter which is made a part of the pleadings, the complaint filed against plaintiff charges him with violations of Subsections 3, 6, 9, 10, 11, 13 and 14 of LSA-R.S. 37:1061. The pertinent portions of this section of the Revised Statutes provide:
"The board may refuse to issue or renew, or may suspend or revoke any certificate for any of the following causes:

* * * * * *
"(3) Soliciting business from house to house or door to door either directly or indirectly;

* * * * * *
"(6) Having professional connection with or lending his name to an illegal practitioner;

* * * * * *
"(9) Deceiving or defrauding the public;
"(10) Employing directly or indirectly any unlicensed persons or suspended optometrists to practice optometry;
"(11) Advertising, in untruthful, improbable, impossible, or misleading statements with reference to the practice of optometry;

* * * * * *
"(13) Permitting another to use his certificate of registration;
"(14) Advertising any price, credit, terms, or agreement with reference to the practice of optometry;"
LSA-R.S. 37:1062, relating to hearings before the Louisiana State Board of Optometry Examiners and appeals from its decisions, provides:
"Before any certificate may be revoked or suspended, the board shall grant the holder a public hearing of the charges against him. He shall be given notice in writing of these charges at least fifteen days prior to the date of the hearing, the date of which shall be specified in the notice. He shall be given an opportunity to produce testimony in his favor and to cross examine any witnesses against him.
"Any person aggrieved by the decision of the board shall have the right to appeal to the courts of the state."
Plaintiff alleges that he practices optometry in the State of Texas; that he advertises in Texas through the media of newspapers, television and radio, in accordance with the laws of that state; and that although his advertising may reach residents of the State of Louisiana, since the newspapers circulate there and the radio and television stations carrying the advertisements are heard in Louisiana, nevertheless it is made clear that plaintiff practices and maintains offices only in Texas. He contends that his advertising activities do not violate the law of Louisiana because they are being conducted only in Texas and relate solely to professional practice in that state. He takes the position that under these circumstances the attempt on the part of the Louisiana State Board of Optometry Examiners to hold a hearing on charges that he is advertising. *631 in violation of the provisions of LSA-R.S. 37:1061, constitutes an attempt by that board to give extra-territorial effect to the laws of the State of Louisiana regulating the practice of optometry in this state. He contends that the scheduling or holding of such a hearing by defendant board is outside of and beyond the provisions of LSA-R.S. 37:1041 et seq., and would constitute an ultra vires act on the part of defendants. He does not allege, however, that plaintiff would suffer any injury in the event such a hearing is held.
The exceptions filed by defendants are based primarily upon the legal proposition that in a case where administrative remedies are provided by law a litigant is not entitled to judicial relief for a supposed or threatened injury until the administrative remedies have been exhausted. In this case, of course, no hearing has been scheduled or held by the defendant board, and no decision has been rendered by that board, so it is apparent that the administrative remedies provided by LSA-R.S. 37:1041 et seq., and particularly those set out in LSA-R.S. 37:1062, have not been exhausted.
In maintaining the exceptions filed by defendants, the trial court held that the defendant board was not acting illegally or in an unconstitutional manner, that the scheduling and holding of a hearing on the charges which have been preferred against plaintiff would not be ultra vires acts, beyond the power and authority of the board, that plaintiff must exhaust his administrative remedies before resorting to judicial procedures, and that under the circumstances presented here plaintiff is not entitled to a declaratory judgment. Counsel for plaintiff contends that in rendering that judgment the trial court committed the following errors:
"(1) The Lower Court erred in failing to hold that the Board and individual members were attempting to give extra territorial effect to the laws of Louisiana regulating the practice of optometry in the State of Louisiana and, therefore, their actions were clearly outside and beyond the provisions of R.S. 37:1041 and were illegal and ultra vires of the power of the Louisiana State Board of Optometry Examiners and that, therefore, it was not necessary to exhaust the administrative remedies provided under the Act before resorting to the Court for injunctive relief to enjoin their illegal acts.
"(2) The Court erred in failing to hold that plaintiff could seek declaratory relief to determine that his actions in practicing optometry in the State of Texas in accordance with the laws of the State of Texas did not violate the laws of the State of Louisiana and subject plaintiff to disciplinary action under R.S. 37:1041."
The jurisprudence of this state is settled to the effect that when administrative remedies have been provided by law a litigant must exhaust those remedies before he is entitled to judicial relief for a supposed or threatened injury. O'Meara v. Union Oil Co. of California, 1947, 212 La. 745, 33 So.2d 506; Porter v. O'Neal, 1944, 205 La. 445, 17 So.2d 622; Feinblum v. Louisiana State Board of Optometry Examiners, La.App.1957, 97 So.2d 657; and Myers v. Bethlehem Shipbuilding Corporation, 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 and cases cited therein.
Counsel for plaintiff concedes that "in ordinary situations" a litigant is required to exhaust his administrative remedies before obtaining judicial relief, but he contends that such a rule does not apply in a case where the administrative agency or board attempts to act illegally or without legal or constitutional authority. We agree with counsel in this interpretation of the law. United States ex rel. DeLucia v. O'Donovan, 7 Cir., 1950, 178 F.2d 876, and Feinblum v. Louisiana State Board of Optometry Examiners, supra. It is necessary to determine, therefore, whether the act *632 of the defendant board in holding a hearing on the charges preferred against plaintiff in this case, insofar as those charges relate to plaintiff's advertising activities in Texas, would constitute illegal or ultra vires acts on the part of such board.
In Feinblum v. Louisiana State Board of Optometry Examiners, supra, the plaintiff, an optometrist, had been charged with violating certain provisions of LSA-R.S. 37:1061, and had been notified that a formal hearing on those charges would be held by the defendant board. Prior to the time scheduled for that hearing, however, he instituted suit to enjoin the board from holding such a hearing on the ground that the board was not legally constituted. Defendant filed an exception of prematurity and an exception to the jurisdiction of the court, contending that plaintiff was not entitled to judicial relief for a supposed or threatened injury until the administrative remedies provided by law had been exhausted. Plaintiff then took the position that he was not required to exhaust his administrative remedies before obtaining judicial relief, because he contended, among other things, that the board's action was unconstitutional, beyond its jurisdiction and illegal, in that the "charges of the Board were based upon the a priori assumption that practice by an optometrist in a `commercial' location or as a corporate employee is illegal." [97 So.2d 663] The Court of Appeal, First Circuit, maintained the exceptions and dismissed plaintiff's suit on the ground that the charges filed against plaintiff alleged violation of specified provisions of law over which the board had jurisdiction, even though the evidence may not have been sufficient to establish the necessary facts. The court recognized, however, that plaintiff may have been entitled to injunctive relief if it had appeared on the face of the formal charges that such charges were outside or beyond those contained in LSA-R.S. 37.1061. Since the charges were specifically based upon the alleged violation of LSA-R.S. 37:1061(6) and (14), the Court held that the board was empowered to hold the hearing, and that it was necessary for plaintiff to exhaust his administrative remedies before obtaining judicial relief. In that connection, the court said:
"The charge made against the plaintiffs, supra, is based specifically upon LSA-R.S. 37:1061(6) and (14). In other words, as we understand counsel's argument they say that the charges of the Board are in reality based upon an assumption that an optometrist cannot follow his practice in a commercial location or as a corporate employee. The charge against plaintiffs does not contain a statement of illegal practice caused by carrying it on in a commercial location or as a corporate employee. If on the hearing it is revealed that plaintiffs were only guilty of a breach of the code of ethics or some rule or regulation of the optometry association and not guilty of the specific violation of the law as contained in LSA-R.S. 37:1061(6) and (14), no court would allow an adverse decision of the board to stand. If they are only guilty of violating the so-called code of ethics or some rule or regulation of the association, were they members, possibly the association could expel them but the Louisiana State Board of Optometry Examiners could not legally revoke their license. If the charges levelled against these plaintiffs were clearly outside or beyond those contained in LSA-R.S. 37:1061, on the face of the formal charges, then the injunctive relief would be in order. This is not true in the present case and since the charges were specifically based upon the alleged violation of LSA-R.S. 37:1061 (6) and (14), the hearing cannot be enjoined * * *." (Emphasis added.)
In the instant case, the defendant board apparently proposes to hold a hearing on charges that plaintiff has violated *633 Subsections 3, 6, 9, 10, 11, 13 and 14, of LSA-R.S. 37:1061. The charges, therefore, are based on the alleged violation of specific provisions of the law of this state relating to the practice of optometry. Insofar as is reflected by the pleadings, no facts are set out in the charges indicating where or in what manner the violations may have been committed. On the face of the formal charges, therefore, the board is specifically authorized to hold a hearing on the complaint which was filed. The proposed action on the part of the board in holding a hearing on those charges, therefore, is authorized by LSA-R.S. 37:1041 et seq., and would not constitute an ultra vires act on the part of defendants. After the hearing is held and the facts are presented, if plaintiff is aggrieved by the decision the law provides that he may appeal to the courts.
The conclusion being reached here does not conflict with that reached in United States ex rel. DeLucia v. O'Donovan, supra, which involved a habeas corpus proceeding. The Court there held that plaintiff was entitled to judicial relief, without exhausting his administrative remedies, because a parole warrant had been illegally issued against plaintiff without any information relative to parole violation, whereas the statute made "reliable information" a necessary condition precedent to a valid warrant. The Court said [178 F.2d 880]:
"The rule requiring exhaustion of administrative remedies does not apply when the administrative body has exceeded its statutory authority."
We conclude that the defendant board is legally authorized to hold a hearing and thereafter to render a decision on the charges which apparently have been filed against plaintiff in this case. The action of the board in holding such a hearing and rendering a decision on those charges would not be illegal or ultra vires. The trial court, therefore, correctly held that plaintiff is not entitled to the injunctive relief which he seeks.
Plaintiff contends that, aside from his demands for injunctive relief, he is entitled to a declaratory judgment determining that his advertising activities in connection with the practice of optometry in the State of Texas do not constitute a violation of LSA-R.S. 37:1061. The trial court's ruling to the effect that plaintiff is not entitled to declaratory relief in this isstance is based upon the Supreme Court's interpretation of the Declaratory Judgments Act in Burton v. Lester, 1955, 227 La. 347, 79 So.2d 333, 335, where the Court said:
"* * * At any rate, we do not believe that the statute should be employed as a substitute for the well-defined actions provided for in our Code of Practice or those which have been established by jurisprudence unless, by reason of the special circumstances of the case, the codal procedure does not furnish an adequate remedy."

"* * * By adopting this course, we deduce, as we have stated above, that the Act is merely an adjunct to the civil procedure outlined in our Code of Practice of 1870 and should not be substituted therefor, save upon a showing by the litigant seeking the declaratory relief that the ordinary or summary proceedings recognized in the law and jurisprudence do not avail him an adequate remedy." (Emphasis added.)
Counsel for plaintiff has called our attention to the fact that in Article 1871 of the Louisiana Code of Civil Procedure the Declaratory Judgments Act has been somewhat broadened by adding the provision that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." As is shown in the comments under that article, the specific purpose of this added provision is to work a legislative overruling of Burton v. Lester, supra. See also XVII, L.L.R. pp. 382-386. Counsel for plaintiff, while conceding *634 that the Code of Civil Procedure did not become effective until January 1, 1961, argues that this change indicates how the Legislature intended for the Declaratory Judgments Act to be construed.
Assuming that the adoption of Article 1871 of the Code of Civil Procedure, with the annexed comments, indicates how the legislature intended for the earlier provisions of that statute to be interpreted, it appears to us that it merely does away with the holding that the Declaratory Judgments Act could not be invoked where any other remedy is available to the plaintiff. It does not constitute a legislative overruling of the holding that the granting or refusal of declaratory relief is a matter of judicial discretion. Burton v. Lester, supra; State v. Board of Supervisors, etc., 1955, 228 La. 951, 84 So.2d 597, 600.
In State v. Board of Supervisors, supra, the Supreme Court said:
"The Uniform Declaratory Judgments Act is merely a procedural device by which the courts may make a declaratory finding pursuant to the provisions of R.S. 13:4231. But, in order for an action to be entertained under the Act, it must be based on an actual controversy and, even when such a case is presented, the grant or refusal of declaratory relief is purely a matter of judicial discretion. Burton v. Lester, supra."
In support of plaintiff's demands, counsel has referred us to the cases of Reeber v. Rossell, D.C.N.Y.1950, 91 F.Supp. 108; Theodos v. City of Bossier City, La.App. 1958, 106 So.2d 851; and Audiocasting, Inc., v. State of Louisiana, D.C.La.1956, 143 F.Supp. 922. In Reeber v. Rossell injunctive and declaratory relief was granted, before administrative remedies were exhausted, where the actions of officers of the Veterans Administration were in violation of plaintiffs' statutory rights and plaintiffs would be irreparably damaged if the injunctive relief were not granted. We find nothing inconsistent with that holding and Louisiana decisions of that subject. In Theodos v. City of Bossier City, supra, the Court of Appeal, Second Circuit, held that plaintiff was entitled to the declaratory judgment which he demanded. A justiciable controversy existed in that case and in our opinion the court properly exercised its discretion in granting the relief sought. No administrative board or agency, incidentally, was involved in the Theodos case. We do not consider the case of Audiocasting, Inc., v. State of Louisiana, supra, as being authority for the position taken by plaintiff here.
In our opinion the Uniform Declaratory Judgments Act is merely a procedural device by which the courts may make a declaratory finding. In order for an action to be entertained under the act, however, it must be based on an actual controversy and, even when such a case is presented, the grant or refusal of declaratory relief is a matter of judicial discretion. Burton v. Lester, supra; State v. Board of Supervisors, supra; Tugwell v. Members of Board of Highways, 1955, 228 La. 662, 83 So.2d 893.
According to the pleadings, a justiciable controversy exists here. The declaratory relief sought by plaintiff could not be granted, however, without violating the established rule that plaintiff must exhaust his administrative remedies before he is entitled to judicial relief. If we should hold that plaintiff is entitled to the declaratory relief which he seeks, then it appears to us that such a holding would have the effect of abolishing the rule which heretofore has been generally applied relating to the exhaustion of administrative remedies. We think the Legislature had no such purpose in mind in adopting the Declaratory Judgments Act.
It also occurs to us that a declaratory judgment in this case would terminate the controversy only if it should be decreed *635 that plaintiff's advertising activities do not constitute violations of LSA-R.S. 37:1061. If a declaratory judgment should be rendered, however, decreeing that plaintiff's activities do constitute violations of that section of the Revised Statutes, then we doubt that such a judgment would terminate the controversy. In such a case we assume that a hearing before the board as originally proposed would still be necessary to determine whether the certificate should be suspended or revoked. In the event plaintiff should be aggrieved by the decision of the board following that hearing, a serious question would be presented as to his right to appeal to the courts from that decision.
Under the circumstances presented here, we are convinced that the trial judge did not abuse the discretion vested in him in determining that plaintiff is not entitled to the declaratory relief which he seeks here.
For the reasons herein set out, the judgment of the trial court is affirmed. Plaintiff-appellant is condemned to pay all costs of this appeal.
Affirmed.