128 So.2d 825 (1961)
John H. MICHELL, Plaintiff-Appellant,
v.
LOUISIANA STATE BOARD OF OPTOMETRY EXAMINERS, Defendant-Appellee.
No. 233.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
*826 Dodd, Hirsch, Barker & Meunier, by Thomas J. Meunier, New Orleans, for plaintiff-appellant.
Racivitch, Johnson, Wegmann & Mouledoux, by William J. Wegmann, New Orleans, for defendant-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
This is a declaratory judgment action. See LSA-C.C.P. Art. 1871 et seq. The plaintiff appeals from judgment dismissing his suit. The principal question before us is, did the trial court err in holding that a declaratory judgment action was not available to the plaintiff because he had not exhausted his administrative remedies?
The plaintiff, a licensed optometrist, alleges that he is employed by a corporation to perform optometrical services for its customers; that on January 27, 1959 the defendant board adopted and transmitted to all Louisiana optometrists a regulation prohibiting them from accepting employment from a corporation as an optometrist and stating that such prohibited employment shall be considered to be in violation of LSA-R.S. 37:1061 and, as such, a cause for refusal to renew and/or for suspension or revocation of the violator's certificate to practice optometry in Louisiana (LSA-R.S. 37:1062), in the absence of which a licensed optometrist is subject to fine and/or imprisonment, and, additionally, to injunction from the practice of optometry (LSA-R.S. 37:1063); and that therefore the plaintiff is imminently threatened with the loss of his legal and constitutional right, as a qualified optometrist, to continue to practice his profession as an employee of a corporate firm.
In holding that the plaintiff was not entitled to seek a declaratory judgment defining his rights in the premises, our learned trial brother stated (Tr. 38-39):
"In the present case plaintiff is attacking a rule adopted by the defendant Board on the grounds that it prohibits a form of practice not prohibited by the statutory law governing the practice of optometry, and that it is violative of both the State and Federal Constitutions. However, plaintiff has not been charged, or even threatened to be charged, with a violation of the rule, and it may well be that he will never be so charged.
"If charges are brought against plaintiff, it will be necessary that he face a hearing on them unless he can convince the courts that the charges are invalid on their face and thereby obtain an injunction to restrain prosecution before the Board. Even in such a situation he would not be entitled to a declaratory judgment as an injunction would be his remedy. Accordingly, it is not understood how plaintiff can be entitled to seek relief by declaratory judgment before charges have been filed if he can not do so after they have been filed.
"In any event, this Court is of the opinion, in the exercise of the discretion allowed it, that it should not entertain a demand for an advisory opinion before charges are filed against the petitioner and thus interfere in an unwarranted manner with the administration of the optometry law by the defendant Board of Examiners."
*827 Before discussing the plaintiff-appellant's contentions that this holding was in error, we deem it to be appropriate to summarize some general principles concerning the availability of the declaratory judgment action.
The statutory provisions permitting declaratory judgment actions are remedial; "Their purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered," LSA-C.C.P. Art. 1881. (See also former LSA-R.S. 13:4242.) The courts, however, have discretion to refuse declaratory relief when it would not be appropriate or definitive under the circumstances. LSA-C.C.P. Arts. 1871, 1876; State v. Board of Supervisors, 228 La. 951, 84 So.2d 597; Rogers v. Louisiana State Board of Optometry Examiners, La.App. 3 Cir., 126 So.2d 628. The broad discretionary power to determine whether a suit for a declaratory judgment is properly one for such relief may be exercised by appellate as well as trial tribunals. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So. 2d 509.
The plaintiff concedes that, as urged by able counsel for the defendant-appellee, "when administrative remedies have been provided by law a litigant must exhaust those remedies before he is entitled to judicial relief for a supposed or threatened injury," Rogers v. Louisiana State Board of Optometry Examiners, above-cited at 126 So.2d 628, 631. But, plaintiff urges, this rule does not apply when an administrative agency attempts to act without legal or constitutional authority and where the administrative remedy is an inadequate protection of the petitioner's rights, which it is argued is the present situation.
Counsel points out that by this proceeding he seeks to challenge the legality on its face of a board regulation which will have the effect of making illegal the plaintiff's present employment. The allegations of the suit are that this regulation on its face is ultra vires as beyond the power delegated to the defendant agency by the legislature (see Pearce v. Kramer, La.App. 3 Cir., 128 So.2d 304; State ex rel. Rogers v. Louisiana State Board of Optometry Examiners, La.App. 2 Cir., 103 So.2d 512); or that, alternatively, if the act is construed so as to authorize the board to adopt such a regulation, then that such legislative delegation is unconstitutional as denying due process and equal protection of the laws to the petitioner and as being arbitrarily discriminatory and/or as failing to provide sufficient legislative criteria for the administrative exercise of such delegated powers (see, e. g., Banjavich v. Louisiana Licensing Board, etc., 237 La. 467, 111 So.2d 505).
Although the general rule is, as stated, that a party must exhaust his administrative remedies before applying to the courts for relief, this rule is subject to flexible exception, where there is a sufficient showing of the inadequacy of the prescribed administrative relief and of threatened substantive prejudice if the petitioner is relegated solely to the administrative remedy, especially where there are substantial allegations that the administrative agency's actions are upon their face without legal or constitutional authority. See Rogers v. Louisiana State Board of Examiners, La.App. 3 Cir., 126 So.2d 628; Feinblum v. Louisiana State Board of Optometry Examiners, La.App. 1 Cir., 97 So. 2d 657, Howard Co. Jewelers v. New Jersey State Board of Optometrists, 1943, 133 N.J.Eq. 4, 29 A.2d 742. See also Davis Administrative Law Treatise (1955), Sections 20.01 (p. 56), 20.04 (p. 74), 20.07 (p. 97), 20.09 (p. 106), 23.04 (p. 307), and 24.05 (p. 420); 73 C.J.S. Public Administrative Bodies and Procedure § 26b., p. 321; § 45, p. 361, and § 169, p. 511. In such instances, as these authorities indicate, we think that, as stated at 26 C.J.S. Declaratory Judgments § 85, p 201:
"* * * an action for a declaratory judgment is held to be a proper remedy *828 to secure a review of agency action and to determine the powers and duties of various governmental agencies and officers, and is proper where the legality or meaning of a ruling made by an administrative official is in dispute and no question of fact is involved. So, persons subject to a regulation may apply for a declaratory judgment to determine the validity of the regulation and it is not necessary first to violate the regulation and thereby be subject to prosecution or disciplinary proceedings. * * *"
It is to be observed that the legislation regulating the practice of optometry does not specifically prohibit the practice of optometry by a corporate employee, and that the Board's contention that the regulation is pursuant to statutory authority rests upon a legal, and what must ultimately be a judicial, interpretation of certain of the statutory provisions.[1] The plaintiff further admits that he is working as an optometrist employed by a corporation and that he is violating the Board's regulation; he questions only the validity on its face of the regulation. Thus there are no factual issues to be resolved at any board hearing to revoke or suspend the plaintiff's license for failure to comply with the regulation in question (LSA-R.S. 37:1062), and the sole issue in such proceedings is whether the regulation in question is a valid and constitutional exercise of regulatory poweran issue which is peculiarly within the competency of the courts and not of the board itself to determine.
In addition, the plaintiff contends with considerable merit that he has no adequate administrative remedy to test the validity of the administration regulation which the plaintiff attacks as an illegal or unconstitutional restriction upon his right to earn his living by his profession, an attack not patently frivolous. An appeal to the courts from a revocation or suspension of his certificate to practice optometry because of his violation of the board regulation in question, after a Board hearing under LSA-R.S. 37:1062, will indeed result in a judicial determination of the validity of the regulationbut if the courts then ultimately determine that the Board can prohibit practice as a corporate employee, the plaintiff will have lost temporarily, or perhaps permanently, his right to earn a living by his profession.
The plaintiff earnestly contends that he should not be required to make an assertion of a claimed constitutional and legal right at the risk of substantial prejudice if, in the final event, his claim is not upheld by the courts, since by the intention of the legislature the declaratory judgment act "makes it unnecessary for the plaintiff to act at his peril upon his own idea of his rights as a condition of judicial action, or to refrain from a contemplated but disputed step for fear of incurring loss; it enables him to avoid leaps in the dark or the alternative of surrendering legitimate claims," Lee, "The Declaratory Judgments Act", 20 Tul.La.Rev. 566 (1946), 567-568.
Taking all of these circumstances into consideration, we think that, under the legal principles above summarized, the plaintiff should be held entitled to institute suit to obtain a declaratory judgment as an appropriate legal action "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," LSA-C.C.P. Art. 1881.
By adoption of the regulation in question, including the declaration that violation thereof will be a cause for revocation, suspension, *829 or failure to renew a certificate to practice optometry, and with the promulgation thereof to optometrists regulated by the board, the plaintiff's right to continue to practice optometry as a corporate employee is obviously threatened with substantial uncertainty and insecurity, even though no formal charges have yet been filed. We do not think that the plaintiff should be required to continue in his practice of optometry at his peril that charges will subsequently be filed, subjecting the plaintiff (if the regulation is upheld) to the peril of substantial prejudice by his non-frivolous claim to a constitutional and legal right. See Theodos v. City of Bossier City, La. App. 2 Cir., 106 So.2d 851, certiorari denied. See also Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341.
In Rogers v. Louisiana State Board of Optometry Examiners, La.App. 3 Cir., 126 So.2d 628, 633 and Feinblum v. Louisiana State Board of Optometry Examiners, La. App. 1 Cir., 97 So.2d 657, the plaintiffs were held not to be entitled to seek, respectively, declaratory or injunctive relief because they had not exhausted their administrative remedies before the defendant agency. These decisions are not, however, authority contrary to the present result. In each of them, on the face of the Board's charges there were disputed issues of fact which had preferably first to be resolved before the Board before the courts could be presented with the question as to whether the administrative agency was attempting acts beyond its statutory authority, so that the courts declined to exercise any jurisdiction before the petitioners had exhausted their administrative remedies. For the reasons earlier noted, the present instance is thus distinguishable.
After all the evidence in this case was taken at a trial upon the merits, the trial court upon its own motion dismissed this action upon the ground that the declaratory judgment remedy was not available to the plaintiff. Even though the trial court did not pass upon the merits of the plaintiff's claim, this court has authority to do so. See LSA-C.C.P. Art. 2164. However, since the evidence was not transcribed and the parties seek in this court only a review of the initial determination of the trial court that the declaratory judgment remedy is inapplicable and have not briefed us as to the merits, we have determined that the preferable procedure will be to reverse the trial court's judgment dismissing, as an inappropriate remedy, this declaratory judgment action, and to remand this case for such further proceedings and findings by the trial court as will, upon a subsequent appeal (if any), permit us to pass then upon the remaining issues of this case.
For the foregoing reasons, the judgment of the trial court dismissing this suit is reversed, and this suit is remanded for further proceedings according to law. The costs of this appeal are assessed against the defendant-appellee. All other costs will await the final determination of these proceedings.
Reversed and remanded.
NOTES
[1] LSA-R.S. 37:1061 provides, pertinently, only that: "The board may refuse to issue or renew, or may suspend or revoke any certificate for any of the following causes: * * *. (6) Having professional connection with or lending his name to an illegal practitioner; * * * (13) Permitting another to use his certificate of registration; * * *" See also LSA-R.S. 37:1063, which likewise does not provide that the holder of a valid certificate may not practice optometry as an employee of a corporation.