LLOYD B. BJERUM and VELMA M. BJERUM, Plaintiffs and Respondents, v. JOSEPH P. WIEBER and JOSEPHINE M. HOGAN, a Co-partnership, Defendants and Appellants.

No. 11224.
Submitted February 7, 1967. Decided April 28, 1967.
427 P.2d 62.

Worden, Worden, Thane & Robb, Donovan Worden, Jr. (argued), Missoula, for appellants.

Tipp, Hoven & Brault, Vernon Hoven (argued), Missoula, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment in the amount of $25,000 arising out of an action to recover damages for an alleged breach of an agreement to lease a piece of property known as the "Park Hotel" situated in Missoula County. The cause was tried without a jury.

The briefs and exhibits present the following information concerning the ownership and transfers of interests in the Park Hotel.

1. Peter Lambros owned the hotel.

2. At some time prior to August, 1961, the appellants, Wieber and Hogan, entered into an agreement to purchase the hotel from Lambros.

3. In August, 1961, appellants Wieber and Hogan must have tried to sell to an Eric Anderson who immediately conveyed their interest to the respondents, Lloyd and Verna Bjerum for $24,000. Within three and one-half months of appellants' dealing with Anderson his agreement with appellants was forfeited

due to Anderson's failure to make payments to appellants, Wieber and Hogan.

4. The respondents, the Bjerums, operated the Park Hotel from August 15, 1961 until March 1, 1962.

5. Appellants, Wieber and Hogan, forfeited Anderson's contract on November 27, 1961, but at the same time entered negotiations with respondents on a lease purchase agreement which was negotiated on December 28, 1961. A copy of this agreement will follow.

6. The respondents failed to make the required payments during the months of January and February, 1962, in that only $200.00 was paid on the rent in January, none in February, $500.00 was paid for liquor licenses in January, but no other payments were made as provided by paragraph 4 of the agreement.

7. Early in February Lambros declared forfeit the agreement with appellants Wieber and Hogan due to their failure to keep up the payments. They in turn notified respondents Bjerum on February 15, 1962, that their agreement with Lambros was forfeited and that the respondents would have to relinquish possession of the hotel. The respondents testified too, that they were notified by Lambros that they would have to give up possession of the hotel. This they did on March 1, 1962.

A copy of the Memorandum Agreement signed by Josephine M. Hogan, Joseph P. Wieber and Lloyd B. Bjerum is shown below:

## "MEMORANDUM AGREEMENT

This agreement made at Missoula, Montana this 28th day of December, 1961, between: Joseph P. Wieber and Phyllis D. Wieber and Josephine M. Hogan, Lessors and Lloyd B. Bjerum and Velma M. Bjerum, Lessees.

Witnesseth: That Lessors shall lease the Park Hotel described as shown on the attached Description and made a part hereof

Together with the attached Inventory of Personal Property on terms as follows:

Legal Description Attached Here

1. The Rental Shall be $600.00 per month beginning on the first day of January 1962 for a period of One Year.

2. At the end of one year, if Lessee shall perform all of the terms of the lease to be written, and maintained the property, then Lessors shall enter into a Contract of Sale with Lessees on terms as follows:
   Principal and Interest Payments on a total Price of $115,-000.00 to be $700.00 for the first year, including Interest of 6% per annum, then $800.00 per month for the second year, then $900.00 per Month for the remainder of the contract.

3. All rentals paid for the first year shall be allowed as payment of Interest and principal on the purchase Price of $115,000.00 @ 6% if the contract of sale is entered into.

4. In addition to any of the above payments·set forth, Lessees agree to deposit in a Bank account the sum of $500.00 or more each month, for the entire period, to pay the following items as they became due: All Real Estate Taxes and Assessments, Liquor and Beer Licenses and All Insurance premiums for Insurance as shall be required by Lessors or Sellers.

5. The Sum of One thousand Dollars is this day paid to Lessors as Earnest money which sum shall apply only to the Purchase of the property at such time as a Purchase Contract is entered into.

6. A standard form of lease shall be used with those added protective clauses as deemed advisable by Lessors. A contract form similar to the one executed with Eric Anderson, with only those adjustments as may conform to the terms here-in agreed to.
   Lloyd B. Bjerum   Josephine M. Hogan
   Joseph P. Wieber"

From these basic facts the court made its finding of fact and conclusions of law, which will be set forth for discussion. They are:

"I. That on the 28th day of December, 1961, the defendants, Joseph P. Wieber and Josephine M. Hogan, were partners owning the Park Hotel in Missoula, Montana, under and by virtue of a Contract for Deed between themselves as co-partners, and one Peter M. Lambros.

"II. That prior to the 28th day of December, 1961, the defendants had entered into a contract for the sale of the Park Hotel to one Eric Anderson, and that on the 27th day of November, 1961, the defendants had caused to be served upon Eric C. Anderson a Notice of Forfeiture of the said sales contract for the reason that the said Eric C. Anderson was in default and had not complied with the terms and conditions thereof.

"III. That prior to the 27th day of November, 1961, and after the execution of the sales contract between the defendants and Eric C. Anderson the plaintiffs had entered into a contract for the purchase of the Park Hotel from Eric Anderson and had paid to the said Eric Anderson the sum of $24,-000.00 upon the execution of the said contract.

"IV. That on the 28th day of December, 1961, the plaintiffs and the defendants entered into a Memorandum Agreement, plaintiffs' Exhibit 3 in the above-entitled cause and as consideration therefor the plaintiffs paid to the defendants the sum of $1,000.00 together with a release of any and all claims that the plaintiffs might have against the defendants as of the date of the execution of the Memorandum Agreement (Exhibit 3), said Release being plaintiffs' Exhibit 4 in the above-entitled cause, together with Quit Claim Deeds to the Park Hotel premises, being plaintiffs' Exhibit 5 in the above-entitled cause.

"V. That pursuant to the Memorandum Agreement, plaintiffs' Exhibit 3, defendants were to deliver to the plaintiffs a standard form of lease to the Park Hotel premises together

with a contract for the purchase of the premises by the plaintiffs from the defendants, the Memorandum Agreement containing an option for the purchase of said premises at the end of one (1) year after the lease agreement was entered into.

"VI. That the defendants at no time tendered to plaintiffs a standard form of lease and/or a purchase contract as provided for in the Memorandum Agreement, plaintiffs' Exhibit 3.

"VII. That on the 1st day of March, 1962, the plaintiff was compelled to remove himself from the Park Hotel premises for the reason that the sellers under the contract of purchase between defendants and Lambros was in default by the purchasers, the defendants here.

"VIII. That the plaintiffs purchased from the City of Missoula a liquor license for the calendar year of 1962 at a cost to the plaintiffs of $500.00; that upon the execution of the Memorandum Agreement plaintiffs delivered to the defendants the sum of $1,000.00.

"IX. That on the 1st day of March, 1962, the plaintiff was the owner of a State of Montana liquor and beer license of the value of $25,000.00 and that defendant by virtue of his removal from the premises of the Park Hotel is no longer the owner thereof.

"X. That prior to the 28th day of December, 1961, the plaintiffs had improved the Park Hotel premises by the establishment of a cafe therein and obligated themselves in connection therewith to the sum of $6,100.00, and that on the 28th day of December, 1961, said cafe was in operation on the said premises. That in the latter part of January of 1962 the plaintiffs paid to the defendants the further sum of $200.00.

"XI. That the defendants, are not capable of complying with the terms of the Memorandum Agreement in that they are no longer the owners of the Park Hotel premises, the subject of the Memorandum Agreement and the purchase option.

## "CONCLUSIONS OF LAW

"From the foregoing facts the Court concludes:

"I. That the defendants did not, and cannot, comply with the terms of the Memorandum Agreement of December 28, 1961.

"II. That the plaintiffs have been damaged by the nonperformance of the terms of the agreement of December 28, 1961, in the sum of $25,000.00, as prayed; and that defendants may take no damages on their counterclaim.

"III. That the plaintiffs are entitled to their costs and disbursements herein expended."

While the appellants fail to set forth in their brief their specifications of error, to the trial court's findings and conclusions, four contentions are made which we will discuss:

1. The court erred due to its finding that the error for the breach of contract (agreement) was by the appellants while it should have found the breach by respondents.

2. The court erred in finding wrongful acts by the appellants which entitled the respondents to a judgment.

3. There is no substantial proof of damage.

4. The damages, if any, took place prior to the Memorandum Agreement upon which the respondents found their cause of action and which had been released by appellants at the signing of the Memorandum or for the alleged loss of a liquor license.

Before considering the above contentions, and in view of our disposition of this case in returning it to the district court for a new trial, we desire to call attention to this record. Ordinarily in a situation of this kind we could make findings and conclusions and direct the entry of judgment. However, the court has spent many hours examining the exhibits, reading the record and briefs, and conferring among ourselves. The record is so sparse, in so many particulars, that we can only surmise that there were pre-trial conferences or other conferences between court and counsel where facts were presented but not included in the appellate record.

Considering appellants' first contention we find that

the court's assessing the breach of agreement to the appellants is clearly erroneous. As previously noted at the end of the first month of occupancy under the agreement, January 1962, the respondents were already $500.00 behind in payments. To argue, as the respondents here do, that appellants failed to tender a copy of a lease to respondents, is to fly in the face of what record was made. The non-performance in respondents' failure to make the payment is clear and undenied, and the submission to them of a lease would have been a useless act. The appellants' exhibit 2, a letter written by respondent Lloyd Bjerum to appellant Joseph Wieber on February 12, 1962, shows the fiscal difficulties of respondents.

"Dear Joe. It goes real slow here. I gave $100 to Montana Power again today. Rent is real bad as the men seem to be out of work and a lot of the unemployment checks don't come. I will keep working and if I get Montana Power satisfied I can work on your money for you. Maybe some will come in pretty soon. Sincerely, Lloyd B."

Here we have an ample showing of a man, the respondent, withholding payments to pay the most pressing bills; and not a lessee waiting to receive a copy of the lease before making any further payments.

With the appellants' second contention that the court erred in its finding that appellants, had caused the breach by some wrongful act we must agree. This record is devoid of any wrongdoing on the part of the appellants that would support the court's conclusion that "defendants did not, and cannot, comply with the terms of the Memorandum Agreement of December 28, 1961."

Considering the third contention of appellants concerning damages, we must agree that here too the court erred in finding for the respondents in the amount of $25,000. A judgment for damages must be supported by substantial evidence. Here we can only guess, speculate, or surmise that the trial court reached its award on one of two theories (1) that

respondents were out $24,000, paid to the Andersons plus $1,000 paid down at the time of the Memorandum Agreement, or (2) that the liquor license was worth the figure given by the respondents of $20,000 plus some $5,000 incidentals of which proof is not clear or adequate. Taking the first theory in trying to arrive at how the court found the damages it should be noted that both the respondents and appellants agreed that the only document to be considered in this case was the Memorandum. To consider the $24,000 paid by respondents to Anderson would be error, for, as previously pointed out in this opinion the memorandum allowed the respondents to purchase the hotel for $115,000 from the appellants while in the agreement made with Anderson less than five months before he would have paid $172,000.00. Considering the second theory that the court might have used the loss of the liquor license we must agree with the appellants' contention that "the loss of this license was entirely within the control of the respondents and that this loss was occasioned by the respondents' own actions and not through any cause of appellants." Too, there was insufficient testimony given at the hearing to warrant setting any true value on the license.

The final contention made by the appellants concerns the liquor license, but here again there is not one scintilla of evidence as to what happened to the licenses after March 1, 1962, and except for respondents' valuation no substantial evidence to base a value of the licenses.

For the above reasons the cause is reversed and remanded to the district court for a new trial. Each party to pay his own costs on this appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.