BARNETTE, Judge.
This is an appeal by the City of New Orleans from a judgment dismissing its suit against the seven assessors and the Board of Assessors for the Parish of Orleans.
The City of New Orleans is seeking by mandamus to compel the seven assessors and the Board of Assessors for the Parish of Orleans to assess real estate in the City *841 of New Orleans at its actual cash value for the year 1970 and subsequent years and to provide equal and uniform assessment of real estate of the same value in the City.
The defendant assessors and the Board of Assessors filed exceptions of no right of action and no cause of action, and the exception of prematurity.
The New Orleans Real Estate Board filed a petition of intervention seeking a judgment in favor of defendants dismissing plaintiff’s demands.
After hearing, the trial judge rendered judgment overruling the exceptions of no right of action and no cause of action but maintained the exception of prematurity. From this judgment plaintiff has appealed. Defendants answered the appeal seeking affirmance of the trial court judgment insofar as it maintained appellees’ exception of prematurity and dismissed plaintiff’s suit and reversal of the judgment insofar as it overruled defendants’ exception of no cause of action and no right of action.
Plaintiff relies primarily on LSA-Const. Art. 10, sec. 12 which is as follows:
“All real estate, exempt as well as taxable, shall be valued at actual cash value, listed on the assessment rolls and submitted to the Louisiana Tax Commission.”
We must first determine the correctness of the trial court’s ruling sustaining defendants’ exception of prematurity because, under the express provisions of the Code of Civil Procedure, if the dilatory exception of prematurity is sustained, the suit must be dismissed; and consideration of the exceptions of no cause and no right of action will not be reached. LSA-C.C.P. arts. 923, 926, and 933.
In sustaining the exception of prematurity the district court judge stated in his reasons for judgment:
“The prayer of the petition asks for a mandamus. Article 3862 of the Code of Civil Procedure provides as follows: A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means, or where the delay involved in obtaining ordinary relief may cause injustice. The Court finds as a matter of fact that the law does provide relief. The law provides relief through the Board of Review and the law provides relief through the State Tax Commission. Until these remedies are exhausted the suit is premature.”
Although the district court judge did not state the authority upon which he based his ruling it is obvious he relied upon the provisions of LSA-R.S. 47:1931, 47:1995, 47:-1996. These statutes read as follows:
LSA-R.S. 47:1931:
“Assessments throughout the state shall be subject to review by boards of reviewers, consisting of the governing authority in each parish, except the parish of Orleans. In the parish of Orleans, the board of reviewers shall consist of the following: the mayor of New Orleans, as chairman, together with other members of the city government, and the president of the board of assessors, and a member of the board of liquidation, and a member of the sewerage and water board (which board members shall be designated by said respective boards), and the president of the Orleans parish school board, and the assessor of the municipal district wherein the property is situated, during the hearings on cases involving assessments of property situated in his district.”
LSA-R.S. 47:1995 provides in part:
“After the assessors have prepared and made up the rolls showing the assessment of real and personal property in the parish of Orleans, the rolls shall be exposed daily for inspection by the taxpayers and other interested persons for a period of fifteen consecutive days from August 1 to August 15. The assessors shall give notice of such exposure for inspection by publication, for a period of *842 ten days in a newspaper of general circulation published in the parish of Orleans.
“After the rolls shall have been exposed for inspection daily for fifteen consecutive days from August 1 to August IS, the rolls showing all increases or decreases in assessment made or granted by the assessors shall be certified to by the assessors and referred to the board of reviewers for the city of New Orleans, which board shall forthwith begin the work of review thereof. The board, for a period of ten consecutive days from the time that the assessment rolls are certified and delivered to it by the assessor, shall conduct public hearings for all persons desiring to be heard on the assessments of real and personal property. Notice of such public hearings shall be given by the board of assessors by publication as provided herein for notice of exposure of the rolls for inspection. The board of reviewers shall recommend to the tax commission increases or decreases in any assessment of real or personal property made by the various assessors of the parish of Orleans in accordance with the true conditions found by it.” (Emphasis added.)
LSA-R.S. 47:1996:
“On the eleventh day after the board of reviewers of the parish of Orleans shall have commenced the public hearings as provided herein, the assessment rolls, together with any recommendations in connection therewith, shall be certified to the tax commission. The tax commission shall at once commence the work of fixing and equalizing valuations and review of the assessment rolls of real and personal property in the parish of Orleans and beginning in the year 1963 shall complete its work on or before the fifteenth day of October of each year.
“The valuation and classification fixed by the tax commission shall be the valuation and classification for the purposes of the city of New Orleans, but the council of the city may adopt a different percentage of such valuations for purposes of city taxation; provided that the percentage of the actual cash valuation of the property assessed in the city of New Orleans for city purposes shall not fall below twenty-five per centum of the actual cash valuation as fixed by the tax commission.”
As can be seen from a reading of the above, the Legislature has provided for an administrative procedure by which a taxpayer or other interested person may inspect the assessment rolls and be heard concerning the assessments of property in the parish.
LSA-R.S. 47:1702 on definitions of terms used in this subtitle provides in subsection (6) that the word “person” includes “corporations.” The City of New Orleans is a municipal corporation and of course is “interested” in the assessment of property from which its revenue for- governmental functions is derived, and therefore has a right under section 47:1995 to inspect the assessment rolls and to be heard by the Board of Reviewers.
It has been argued in this court on behalf of the City of New Orleans that the hearings by the Board of Reviewers contemplated by section 47:1995 are for the limited purpose of review of “increases or decreases in assessment” upon request of persons desiring to be heard. This interpretation of the purpose and intent of the section, it is argued, does not grant to the City of New Orleans the right to be heard except perhaps where there has been an increase or decrease. Based on this limited interpretation it is contended that the administrative remedy contemplated by that section was not applicable to the City’s demand in this case. It therefore argues that it should not be charged with failure to exhaust the remedy prescribed by that section as a prerequisite to judicial relief.
We cannot agree with this narrow interpretation of section 47:1995. The require *843 ment that the “rolls showing all increases or decreases in assessment” be referred to the Board of Reviewers, after the required exposure of the rolls for inspection, and that the “board shall forthwith begin the work of review thereof” clearly contemplates a review of the rolls and not merely the increases or decreases shown thereon. The obvious purpose of the requirement that the increases or decreases from the prior assessment year be shown is to bring them to public notice and to call particular attention to such changes to the Board of Reviewers. This is to prevent such changes escaping notice which could lead to arbitrary and discriminatory practices.
“The board of reviewers shall recommend to the tax commission increases or decreases in any assessment * * * in accordance with the true conditions found by it.” LSA-R.S. 47:1995. This, in our opinion, is broad enough to include a recommendation that all assessments be decreased or increased if the conditions found by the Board so indicate. This is quite conceivable, especially in the present political climate which has drawn much public attention to the subject of tax equalization. The Board is not necessarily limited to specific individually identified assessments, but specific recommendations may also be made in the Board’s discretion.
It is therefore our conclusion that the City of New Orleans is an interested party having a right to be heard by the Board of Reviewers and that it is within the authority of the Board to make a recommendation to the Tax Commission in accordance with the City’s interest. This is an administrative remedy available to the City of New Orleans. The City having failed to exhaust its administrative remedies before resort to judicial relief, its action is premature and the dismissal of its suit was proper. O’Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506 (1947); Michell v. Louisiana St. Bd. of Optometry Examiners, 128 So.2d 825 (La.App.3d Cir. 1961); Rogers v. Louisiana State Board of Optometry Examiners, 126 So.2d 628 (La.App.3d Cir. 1961); Johnson v. Quad Drilling Corp., 86 So.2d 622 (La.App.2d Cir. 1956).
For the foregoing reasons the judgment appealed is affirmed insofar as it maintains the exception of prematurity in favor of the assessors of Orleans Parish and The Board of Assessors and dismisses plaintiff’s suit at its cost.
Affirmed.