# FOREST GLEN TOWNHOME ASSOCIATES, LTD. v GARDNER
## Case No. 85-604-CC-12
County Court, Volusia County, Florida
July 16, 1985

### APPEARANCES OF COUNSEL

**B. Paul Katz** for plaintiff.
**F. Daun Fowler** for defendants.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This is an action for eviction for non-payment of rent.

The complaint alleges that the plaintiff gave the defendants a three (3) day written notice on February 6, 1985 to pay rent or surrender possession of the premises on or before February 11, 1985. The written

notice was sent by ordinary mail, not by certified or registered mail as required by paragraph 24 of the written lease.

The defendants filed an answer denying the material allegations of the complaint and affirmative defenses alleging that they did not receive the three day notice nor was it sent by certified or registered mail. The defendants deposited the rent in the registry of the Court to abide the event.

The plaintiff filed a motion to release the funds in the registry of the Court and dismiss the action upon the grounds that the defendants do not dispute that the rent is due the plaintiff and the plaintiff agreed to dismiss the action upon payment of the rent out of the registry of the Court.

On April 26, 1985 the Court entered its order releasing the monies in the registry of the Court to the plaintiff and dismissed the case without prejudice.

However, the Court reserved jurisdiction to determine whether there is a prevailing party, and if so, whether any attorneys fees are due and owing to either party.

Section 83.56, F.S. provides for a three day written notice for non-payment of rent. Section 4 of F.S. 83.56 provides for the delivery of a true copy thereof. Paragraph 24 of the written lease provides that all notices required by law or otherwise shall be sufficient if sent by "certified mail, return receipt requested or registered mail."

Rule 1.090(e) Florida Rules of Civil Procedure provides that when a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice is served upon him by mail, five days shall be added to the prescribed period.

Notice requirements under the landlord and tenant act must be strictly construed. *Baker v. Clifford*, 128 So.2d 827 (Fla. 1930) Proper notice to evict is a statutory prerequisite before the landlord is entitled to relief. (F.S. 83.56(3) *Hunt v. Hiland*, 366 So.2d 2742.

The Court finds that the notice mailed by the plaintiff failed to comply with $83.56(3)(4), F.S. and Rule 1.090(e) Florida Rules of Civil Procedure, in that the plaintiff on February 6, 1985 in ordering the defendant to pay rent on or before February 11, 1985 failed to take into consideration the five days that must be added by reason of the notice being given by mail. (Rule 1.090(e) Florida Rules of Civil Procedure) The notice should have provided for the payment of rent on or before February 16, 1985.

11

Furthermore, the three day notice was sent by ordinary mail contrary to the requirements that all notices under the lease must be sent by certified or registered mail. If a different method of service is prescribed under the lease, than by statute, the lease provisions prevail. See *Kohl v. Poole*, 613 P.2d 1078; *Smith v. LeMarque*, 427 P.2d 63.

Therefore the plaintiff could not prevail in this action and the defendant's affirmative defenses were valid and therefore are the prevailing party, it is therefore

ORDERED AND ADJUDGED that the defendants shall set the matter of the amount of attorneys fees before the Court upon proper notice.